**LOVE et al. v. EASTHAM.**

No. 10872.

Court of Civil Appeals of Texas. Galveston.
Oct. 5, 1939.

Rehearing Denied Oct. 26, 1939.

E. R. Berry, of Huntsville, for appellants.

Jos. F. Henson, McKinney & Henson, of Huntsville, and Jack Byrd Eastham, of Waxahachie, for appellee.

CODY, Justice.

This suit was brought by the appellee against Bettie McFadden and the heirs of George Love, deceased, and against P. J. Randolph, in trespass to try title to the George Love Original Survey, in Walker County, containing 83 acres of land. The case was tried without a jury. The court made the following findings of facts and conclusion of law:

"Findings of Fact.

"1. I find that by Patent No. 359, vol. 21, issued by the State of Texas, to George Love, dated November 18th, 1888, the State of Texas granted to the said George·Love the 83 acres of land known as the George Love Survey, Abstract No. 659, in Walker County, Texas, and involved in this suit.

"2. I find that at the time he acquired said land under said Patent, he and Bettie McFadden, one of the defendants in this cause, were married, and that said land was their community property.

"3. I find that the said George Love died at Cooper, Texas, in 1907, and left surviving him, besides his wife, Bettie McFadden, the following named persons, who are now his sole and only surviving heirs at law, or descendants of heirs who survived him, and who, together with said Bettie McFadden, are the only persons who could have any interest in the land involved in this suit as heirs of descendants of the said George Love, deceased, to-wit:

"Mary Richardson, Lutischie Besser, Jasper Love, Mamie Carter, Sam Carter, Leonard Carter, Arthur Love and Bessie M. Love, all defendants in this suit.

"4. I find that the said George Love, deceased, Patentee under the above mentioned Patent, is the common source of title, as claimed respectively by the plaintiff on the one hand and all of the defendants on the other, herein.

"5. I find that the said George Love and wife,. Bettie McFadden, lived on said land from about 1885 until the year 1889, when the said George Love, being a Methodist Preacher, was moved by the Conference to an appointment out of Walker County, Texas, on the Neches River between Texas and Louisiana, and that thereafter, neither he, his wife, nor any of his children, descendants or heirs, ever lived on said premises any more.

"6. I find that the said George Love and wife, Bettie McFadden, were indebted to Mrs. Delha Eastham, the mother of plaintiff, D. D. Eastham, and at the time of their removal from said land delivered same over to the said Mrs. Delha Eastham in payment of their said indebtedness.

"7. I further find that no deed of conveyance, if one was ever executed, from the said George Love and wife to the said Mrs. Delha Eastham, has ever been recorded.

"8. I further find that the said Mrs. Delha Eastham, at her own expense, went into possession of and improved said premises, shortly after the year 1901, by building thereon two tenant houses and putting into cultivation two or three small fields, and that her tenants, Ben Franklin, Alfred Cross and Josephine Samuels lived on, used and occupied said premises for a period of years thereafter, and paid rents to the said Mrs. Delha Eastham for the use of said premises.

"9. I further find that beginning with the year 1904, the said Mrs. Eastham rendered said land for taxes to the Tax-Assessor and Collector of Walker County, and that she and those holding under her, including the plaintiff, D. D. Eastham, have paid the taxes upon said land each

and every year beginning with the year 1904, down to and including the year 1937.

"10. I further find that Bettie McFadden, wife of George Love, moved back to Walker County in 1909 on her mother's and father's place, and brought with her Lutishie Besser and Jasper Love, and shortly thereafter Arthur Love came back to Walker County, and that Mary Richardson returned to Walker County in 1915; and all have lived in Walker County within a few miles of the land in question and have not lived on said land or used the same in any way since their return to the County.

"11. I further find that the said Mrs. Delha Eastham and those claiming under her, including the plaintiff, D. D. Eastham, have claimed title to said land ever since about the year 1889, when the said George Love, deceased, and his wife, the defendant, Bettie McFadden, moved from said premises.

"12. I further find that the said Mrs. Delha Eastham cut and removed or caused to be cut and removed, the timber from said land in the early 1900s.

"13. I further find that the said land was notoriously and by reputation in the community where same is located, known as Mrs. Eastham's land from and after about 1889, when the Preacher, George Love, deceased, and his wife, Bettie McFadden, defendant, left said land.

"14. I further find that the said George Love, deceased, and his wife, Bettie McFadden, after moving from said land, never went back to same or did anything regarding the land indicating that they still owned same or claimed to own it, that they never rented the land out nor collected any rents therefor, never rendered the land for taxes nor ever paid any taxes on same, and that the plaintiff, D. D. Eastham, had no knowledge that said Bettie McFadden and the other defendants herein, were asserting any claim of title to said land until the timber was cut from said land in the Spring of 1937, by the defendant, P. J. Randolph, individually and as an agent and Attorney in Fact for the other defendants, his grantees or assigns.

"15. I further find that the plaintiff, D. D. Eastham, through and under his mother, Mrs. Delha Eastham, has and holds whatever title she acquired to said land.

"Conclusions of law.

"1. From the foregoing Findings of Fact, I conclude that it is more consistent with all the facts and circumstances in evidence in this cause to presume, and I do so presume, that a valid conveyance was made of said land by the said George Love, deceased, and his wife, Bettie McFadden, defendant, to Mrs. Delha Eastham, and those holding under her, including the plaintiff, D. D. Eastham, have been and are the owners in fee simple of said tract of land.

"Max M. Rogers, Judge Presiding."

■ The evidence upon which the court bases the above findings is conflicting. The test, is, "If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict." Under this test the evidence is more than ample to support the court's findings, which is the equivalent of a jury's verdict, and the findings authorize the judgment.

■ Appellants contend that it was beyond the court's power to presume a lost deed. They base this contention upon the fact that Bettie McFadden, the wife of George Love, testified that she and George had always intended to return to the property involved, and to live on it, and that she had never signed and acknowledged a deed thereto, and that a homestead cannot be conveyed without the wife's joinder. Had the court believed Bettie's testimony, he could not have presumed the deed. He concluded that it was more consistent with all the facts and circumstances in evidence in the case to presume that a valid conveyance of this land had been made by George and his wife, Bettie, to appellee's predecessor in title. The fact or deed which the court has here sought to presume lies back more than 30 years, indeed, about 50 years. Under Fowler v. Texas Exploration Company, Tex.Civ.App., 290 S.W. 818, and under the principle applicable to sustaining a verdict heretofore referred to, the judgment of the court below should be and is here ordered affirmed.

Judgment affirmed.