**CLARK v. BROWN et al.**

No. 12172.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 15, 1950.

Rehearing Denied Dec. 13, 1950.

Roscoe Johnson, San Antonio, for appellant.

Leonard Brown, Jr., Archie S. Brown, San Antonio, John M. Harrod, Eden, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Vird Clark against Johnnie Webb Smith Brown, her husband, Richard Brown, and her daughter, Robbie Mae Hardeman, seeking to recover on a note or contract in the sum of $330.00, together with the title and possession of certain personal property used in connection with a cafe business located at 102 Vargas Street, San Antonio, Texas.

The trial was to the court without the intervention of a jury and resulted in judgment in favor of plaintiff, Clark, for the sum of $330.00, but a recovery of the personal property was denied, from which judgment Vird Clark has prosecuted this appeal.

Appellant contends that he should have been granted a new trial herein because after his only witness, B. J. Thomas, had been sworn in and placed under the rule he was threatened by Johnnie Webb Smith Brown and Robbie Mae Hardeman and told that if he testified for Clark she, Johnnie Brown, would cut his throat and that if she didn't her husband, Richard Brown, would do so, whereupon the witness, B. J. Thomas, left the court house and was not seen by appellant or his attorney until several days later. During the trial appellant and his attorney discovered that witness Thomas was gone but did not know why he had left. It was not until several days later that they learned why he had left.

■ The above facts do not entitle appellant to a new trial. When appellant discovered during the trial that the witness Thomas had absented himself from the court house without permission, it was his duty to then and there make such fact known to the court, and if he regarded the testimony of such witness material to his cause of action he should have requested the court to issue an attachment for the arrest of the witness and further ask the court to postpone the hearing or to continue the case until the witness could be located. He could not keep the absence of the wit-

1014

ness a secret and proceed with the trial, and after judgment went against him raise the question for the first time.

▮ Furthermore, appellant does not show in his motion for a new trial, or by affidavits attached to it, or by evidence, or in any way, what facts he expected to establish by the witness Thomas. The trial court and this Court has a right to know what facts the witness would testify to, so that the materiality of such testimony could be passed upon.

Under such circumstances, the trial court properly overruled appellant's motion for a new trial and we find no error in the record.

The judgment is affirmed.