**Talton W. HUGHES et ux., Appellants,**

v.

**GROGAN–LAMM LUMBER COMPANY, Inc., et al., Appellees.**

**No. 15534.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 15, 1960.

Rehearing Denied Feb. 12, 1960.

Clair F. Achenbach, Dallas, for appellants.

Frank Cusack and Barton E. Bernstein, Dallas, and H. D. Wills, Grand Prairie, for appellees.

YOUNG, Justice.

In a non-jury trial, appellee Lumber Company recovered judgment against appellants, Hughes and wife for $10,817.77 interest and costs, together with foreclo-

sure of mechanic's lien contract and note. Intervenors in the suit were Farrow & Son, Plumbers, and Gentry Electric Company, who also obtained judgments for $900 and $225 respectively and foreclosure of mechanics', materialmen's and laborers' lien; the involved property being situated in Dallas County and described as Lot 19, Block 22/3583 of Edgemont Addition No. 3. A similar judgment was rendered against Jim McCollough, contractor on the job of building a residence on the lot owned by appellants. Their answer included a charge of invalidity of mechanic's lien, breach of performance of the construction contract; and in cross-action alleging fraud and conspiracy as between the lumber company and contractor, advancements of cash by the former but converted by the latter, not going into work of construction; furnishing of inferior and defective material, of generally inferior workmanship; entitling appellants to offsets and credits in stated amounts, attorneys fees, interest, costs, and for general relief.

The mechanic's lien contract, signed by appellants, provided in part that McCollough, the contractor, should "furnish all the work, tools, labor and material of whatsoever kind and nature, and to build and complete in a workmanlike manner within 150 days from the date hereof (May 31, 1957) * * * a four bedroom, redwood frame, two bath, with double garage according to plans and specifications thereof, agreed upon by the parties hereto and furnished by the said party of the first part (Hughes and wife). A copy of said plans and specifications is on file with all of said parties". This contract for mechanic's lien was for the amount of $14,000 evidenced by note in like amount and maturity date, describing the property, payable to Jim McCollough, the contractor, reciting that to secure payment thereof, an express contract and mechanic's lien is given by signers "upon said lands and improvements". These instruments were further secured by deed of trust to Edgar W. Latton, trustee: the

above mentioned note having been assigned by McCollough to Oak Cliff Bank & Trust Company and Grogan-Lamm; the bank's interest later going to said lumber company. Also in evidence was a written approval by Edwards-Northcutt-Locke, Inc. of an application made by Hughes February 4, 1957 for a $11,000 loan to be paid in 15 years in monthly installments of $95.83 each, including principal and interest at 6.3% plus 1/12 of estimated taxes and insurance premiums, subject to stated conditions.

The contractor, McCollough, though filing answer did not appear at the trial, but we gather from the briefs that he had agreed to undertake the Hughes contract of construction for $11,110; that McCollough had agreed with the lumber company for a financing and furnishing of material in the construction up to a $11,000 limit; the latter performing thereunder to extent and sum of $10,817.77, declaring on the note for that amount, which is the total of their judgment rendered, plus interest and costs.

Appellants' points of error are now quoted:

"(1) The trial court committed fundamental error in entering judgment for appellee, and especially Grogan-Lamm Lumber Company, Inc., for foreclosure of a void mechanic's lien upon a homestead. (2) The trial court committed fundamental error in entering judgment for appellee, and especially Grogan-Lamm Company, Inc., under the Mechanic's Lien as there was a material breach in such contract in failure of completion and usage of defective materials. (3) The trial court committed error in refusing to grant appellants time to produce Jim McCollough in Court under subpoena, to require him to testify under the adverse witness rule. (4) The judgment of the trial court is contrary to the evidence and the law, in that suit was upon a Mechanic's

Lien Note, in the sum of $14,000.00, without a written contract for construction, and the judgment entered is for recovery on a quantum meruit."

■ Grogan-Lamm Lumber Company in reply brief asserts that appellants' points 1, 2 and 4 are not entitled to consideration, because not set forth in motion for new trial, but citing no authority other than Rule 374. In this, appellee is mistaken. This is a non-jury trial. In Carborundum Co. v. Keese, Tex.Civ.App., 313 S.W.2d 332, 334, it is held that "although appellant filed a motion for new trial, it was not bound thereby and was not confined to the errors assigned therein." See also text of 4 Tex.Jur.2d, Appeal and Error, page 461, and cases cited. A full reply to all points of this appeal was in order and could have been helpful to their disposition.

■ In point one appellants complain of court error in rendition of judgment for the lumber company "for foreclosure of a void Mechanic's Lien upon a homestead." This appellee does not concede any homestead character to the property in question and complainants make no reference to where in the 403-page statement of facts such status of their property is thus conclusively established. Rule 418, Texas Rules of Civil Procedure requires the "brief of the argument", not only to indicate definitely such portion of the record that supports his contention, but also to be inclusive of a fair condensed recital of the facts pertinent to his point of error. See 4 Tex.Jur.2d 170.

■ Even assuming, however, that this litigation involves a homestead with applicability of Art. 16, § 50, State Constitution, Vernon's Ann.St., the point is not well taken. Appellants say that the mechanic's lien contract here is rendered unenforceable because of absence of provisions setting forth "specifications of materials and standard workmanship." It appears in this connection that, despite contract provisions, there were no specifica-

tions in writing concerning grade, kind and quality of material going into the building; these things thus becoming a matter for agreement between contractor and householder, and in no wise affecting validity of the lien.

"Mechanic's Lien on homestead held not void for uncertainty because no plans or specifications for labor and improvements on such homestead were incorporated in writing creating lien, *where essential elements of parties, consideration, and subject-matter appeared on face of contract* (Const. art. 16 § 50)." (Emphasis ours.) Standard Savings & Loan Ass'n v. Davis, Tex.Civ.App., 85 S.W.2d 333.

"The constitution provides that a recovery for work and material used in constructing improvements upon a homestead may be had only 'when the work and material are contracted for in writing'. Article 16, § 50, of the Constitution. 'The essential conditions or statement of the contract should be included in the written instrument,' Harrop v. National Loan & Inv. Co., Tex.Civ.App., 204 S.W. 878, 880, and *the contract must in some fashion describe the nature of the improvement and specify the cost of work to be done and the character of material to be supplied thereunder.* (Emphasis ours.) One of the objects of the requirement as to the joinder of the wife is the apprising her of the character and cost of the improvement.' 22 Tex.Jur. 318, Homesteads, § 221." Magee v. I. & G. N. Wood & Coal Co., Tex.Civ.App., 269 S.W.2d 498, at page 502.

■ Under point 2 appellants claim a material breach of the mechanic's lien contract "in a failure of completion and usage of defective material." In statement thereunder they say that a substantial part of such material was inferior quality and charged by the lumber company at a higher price and grade than

was actually delivered. Without designating pages in the statement of facts where the pertinent testimony may be found, they charge that "the record is completely clear that the materials supplied by Grogan-Lamm Lumber Company, Inc. were inferior, below the grade charged for; that the workmanship was inferior on the flooring and interior finishing, and that Jim McCollough never completed the construction." This manifest non-compliance with Rule 418 leaves us nothing to consider. State v. Girdner, Tex.Civ.App., 287 S.W.2d 706; Wheat v. Citizens National Bank at Brownwood, Tex.Civ.App., 310 S.W.2d 735. Aside from that, the trial was to the Court, "and any view of the law which the Court could have applied under the pleading and the evidence, will be resolved in favor of the judgment." 3-B Tex.Jur. p. 378.

■ Point 3 is predicated on the following allegations of appellants' motion for new trial:

"That prior to the commencement of the trial defendants announced ready, subject to the defendant, Jim McCollough, being brought before the court to testify, and that although diligent effort was made by defendants to have said Jim McCollough duly subpoened to testify, he knowingly and willfully avoided such service and thereby these defendants were deprived of testimony material to their cause and should be granted a new trial."

Appellee replies in above connection that no attempt was made during the trial to postpone the hearing for any length of time to enable appellants to procure the testimony in question, nor was leave asked of the court to withdraw their announcement of ready and to grant a continuance; no showing was made on the motion for new trial that McCollough would probably be present at another trial, or what his testimony would be, nor how or in what manner it would probably cause the rendition

of a different verdict. The foregoing is a correct statement of principle. See Clark v. Brown, Tex.Civ.App., 234 S.W.2d 1013. The point must be overruled.

■ We likewise find untenable the contention of appellants that the lumber company suit was one on quantum meruit, and Magee v. I. & G. N. Wood & Coal Co., supra, is cited. In line with the lumber company's agreement with the contractor, it sought judgment for the amount of material and cash furnished and advanced with evidence in support as the court obviously found. Moreover, we have a case here of substantial compliance with the mechanic's lien contract and completion of the improvements; at least the court must have so concluded. Said contract provided in part:

"It is further specifically agreed and understood that the entering by parties of the first part (Talton W. Hughes, et ux) into possession of said improvements, or the acknowledgment by them of completion of this Contract as well as any other sufficient proof, shall be conclusive evidence that all duties and obligations of the party of the second part (Jim McCollough) have been fully and completely performed."

In such connection, Talton Hughes testifying by deposition stated:

"Q. You moved into the house to take possession of it? A. Yes, sir.

"Q. To live in? A. That is right.

"Q. Not to complete it? A. No."

In such state of the record appellants would appear to be in no position to complain of the judgment rendered.

All points of appeal are accordingly overruled with affirmance of the judgment under review (inclusive of renditions in favor of intervenors, which have not otherwise been the subject of attack).

Affirmed.