**L. C. PURNELL, Appellant,**

v.

**W. G. GULIHUR et al., Appellees.**

No. 5408.

Court of Civil Appeals of Texas.

El Paso.

Aug. 3, 1960.

Rehearing Denied Oct. 5, 1960.

H. O. Metcalfe, William H. Earney, Marfa, Mae M. Ament Alpine, for appellant.

Frank O. Ray, Alpine, for appellees.

LANGDON, Chief Justice.

This suit is one involving the title to 80 acres of land described as the North Half of the Southeast Quarter of Survey 33, Block 230, Texas and St. Louis Railway Company, Brewster County, Texas.

Appellees, plaintiffs in the trial court, alleged ownership of a certain 200 acres of land in Brewster County, Texas, described as follows:

> Being 200 acres of land out of Survey 33, Block 230, Texas and St. Louis Railway Company, Original Grantee, located by virtue of landscript 1022, issued January 28, 1881, patented June 24, 1887, by patent letter 7454, described as the Southeast Quarter and the Southeast Quarter of the Northeast Quarter of said Survey 33.

(Included within the description of the 200 acres are the 80 acres of land involved in this controversy.)

Suit was against Gist Blair, whose residence was alleged to be unknown, his heirs and unknown heirs, etc.; and also named L. C. Purnell (appellant herein) as a defendant.

Appellees alleged the execution and delivery of a deed by Gist Blair to P. J. Goodhart (appellees' immediate predecessor in title), dated July 2, 1896, under which Gist Blair sold and conveyed to Goodhart the 200 acres above described. The original deed from Blair to Goodhart was not produced, and only the record of such deed was offered in evidence. The deed, as recorded, purported to convey, among other lands, 200 acres out of said Survey 33, Block 230, as follows:

> The South Quarter thereof, and the Southeast Quarter of the Northeast Quarter thereof.

Appellees filed their disclaimer to any part of the Southwest Quarter of said Survey 33 (The South Half of the Southwest Quarter of said Survey 33 being included within recorded description of the land conveyed by the Gist Blair deed of July 2, 1896), and alleged that an error or mistake was made in either the original deed or in the recording thereof, but contended, regardless of the alleged error, that at all times subsequent to the date of said deed, the North Half of the Southeast Quarter of said Survey 33 has been regarded as embraced within said deed, and the same treated and regarded as the property of P. J. Goodhart, and his subsequent grantees, heirs and assigns; that taxes on the North Half of the Southeast Quarter of said Survey have, at all times subsequent to the Blair deed, been paid by P. J. Goodhart, his legal representatives and assigns, and that they have, in all other respects, dealt with and regarded said land as though it had been properly included and properly described in such deed, and say that said land was in fact sold and delivered to the

said P. J. Goodhart, his heirs and assigns, and that appellees and those under whom they claim have, at all times subsequent to the date of said deed, been the owners of said land and that same is now owned by appellees, notwithstanding the error or omission disclosed by the record of said deed.

Appellees also claimed title to the land in controversy under the ten-year statute, Article 5510, Vernon's Annotated Civil Statutes, and the twenty-five year statute, Article 5519a, V.A.C.S.

Trial was had to the court without a jury, and judgment was rendered awarding to appellees title and possession of the North Half of the Southeast Quarter of said Survey 33. The defendant, L. C. Purnell, requested the trial court to make and file findings of fact and conclusions of law, excepted to the judgment of the court, and gave notice of appeal.

Appellant contends, generally, that this appeal presents two questions: (1) Is the petition of appellees, on its face, sufficient to allege a cause of action based on error or mistake in the original deed; and, if so, does the petition on its face show such cause of action barred by the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5529? (2) Is there sufficient evidence to perfect title in appellees under either the ten or the twenty-five year statute of limitations?

The first question is raised by appellant's Points 1, 2, 3, 4 and 9a, and—since these points have been grouped by appellant for purposes of argument—they will be discussed by us in like manner.

In the pleadings before us, appellees have suggested that there was an error or mistake, either in the original deed or in the recording thereof, but do not ask for reformation or correction of such alleged error. Instead, appellees have plead a theory of recovery based on the doctrine of "presumptive grant", which provides that, after great lapse of time and a series of circumstances disclosing enjoyment of unchallenged title during such period, courts will presume whatever grant is necessary to quiet title. This doctrine is variously referred to as "presumptive conveyance", (Burks v. Brinkley, Tex.Civ.App., 161 S.W.2d 316; Love v. Eastham, 137 Tex. 462, 154 S.W.2d 623); "Presumption of a deed" (Duke v. Houston Oil Co. of Texas, Tex.Civ.App., 128 S.W.2d 480, 485); and by other like terms. We think a more accurate description of these several doctrines would be "proof of title by circumstantial evidence". (6 T.L.R. 550).

The judgment of the trial court is silent with respect to the theory or grounds upon which title and possession of the land in controversy was awarded to appellees. However, separate findings of fact and conclusions of law were made and filed by the trial court, and are before us.

The trial court found, as matters of fact, that Gist Blair and P. J. Goodhart are predecessors in title of plaintiffs, and that, on July 2, 1896, Gist Blair conveyed to P. J. Goodhart 200 acres of land out of said Survey 33; that, irrespective of error in the description of said 200 acres, whether in the original deed or the recording thereof, such deed embraced and actually covered the SE/4 of the NE/4, and the S/2 of the SE/4 of said Survey 33, but does not show record title out of Gist Blair to P. J. Goodhart, or to anyone else, for the N/2 of the SE/4 of said Survey. The trial court also found that Gist Blair, on July 2, 1896 (the same date of his deed to P. J. Goodhart), conveyed to Alex Adler, all of the SW/4 of said Survey 33, and that plaintiffs disclaimed all right, title and interest to any part of the SW/4 of said Survey 33; that, at all known pertinent times since July 2, 1896, the N/2 of the SE/4 of said Survey 33 has been regarded as embraced within the deed from Gist Blair to P. J. Goodhart, and the same has been recognized and treated as the property of P. J. Goodhart, his successors, heirs and assigns, including these plaintiffs; that all taxes on said N/2 of the SE/4 of

said Survey 33 have, at all times subsequent to the date of the deed from Gist Blair to P. J. Goodhart, been paid by the said P. J. Goodhart or those claiming under him; that, at all known times since July 2, 1896, the N/2 of the SE/4 of said Survey 33 has been rendered and assessed as the the property of P. J. Goodhart, or those claiming under him; that such land has been carried on the tax records of Brewster County in the name of P. J. Goodhart or his successors in title, since the year 1919 (which was as far back as the tax records were searched); and that said land has been carried in the Plat Book of Brewster County in the name of, and as belonging to, P. J. Goodhart and his successors in title, since the year 1930 (the year said Plat Book Record was first installed in the office of the Tax Assessor and Collector of Brewster County); and that, on December 29, 1932, a Certificate of Redemption was issued by the State of Texas, through its Comptroller, to P. J. Goodhart, for the SE/4 of said Survey 33, which included and embraced, within the description thereof, and N/2 of the SE/4 of said Survey 33; that at all times since July 2, 1896 said land has been in the possession of the said P. J. Goodhart and his successors in title, and has been dealt with and recognized as the property of the said P. J. Goodhart, his legal representatives, heirs and assigns, and that all transfers and conveyances from and under the said P. J. Goodhart have described said lands as the SE/4 of said Survey 33, which includes and embraces the N/2 of the SE/4 of said Survey.

The trial court also found as a fact that plaintiffs, and those under whom they claim, have had peaceable and adverse possession of the N/2 of the SE/4 of said Survey 33 for a period of more than 58 years and, without exception, have had exclusive control and absolute dominion over said land, and that defendant and cross-plaintiff, L. C. Purnell, offered no proof of any character to support or sustain his claim of title by adverse posses-

sion under the ten-year statute of limitations, or otherwise.

Based on the facts found, the trial court concluded as a matter of law that the evidence was sufficient to entitle appellees to recover title and possession of the land in controversy under the ten-year statute of limitation (Article 5510, V.A.T.S.), and under the twenty-five year statute of limitations (Article 5519a).

Appellant contends that the cause of action sought to be alleged by appellees is one for reformation of a deed based on an error or mistake in the original deed of July 2, 1896, and that such cause of action has long since been barred by the four-year statute of limitations; and, further, that there is no evidence, or the evidence is insufficient, to support a finding that there was an error or mistake in such deed. Appellant's Points 1 to 4, inclusive, and 9a, are the points by which this contention is urged.

There can be no doubt that, if this suit was one for reformation of a deed based on an error or mistake that occurred more than 58 years prior to the filing of suit, we would, under the law and facts of this case, be compelled to sustain appellant's first four points, as well as his Point 9a. We do not believe that the cause of action alleged by appellees was one for reformation of the deed; and the trial court so found, specifically denying and refusing appellees any recovery as to the land actually in dispute, by reason or virtue of said deed. Appellant's first group of points is accordingly overruled.

We think, however, that appellant's Points 5, 7 and 9b, which are complaints that the trial court erred in holding that appellees had perfected title under the ten-year statute (Art. 5510), must be sustained. The ten-year statute requires something more than mere possession for the perfection of title. The record in this case does not affirmatively show that plaintiff

or his predecessors in title were ever in actual physical possession of the land, nor does it show that the land was fenced, or what use or uses, if any, was made of the land during such period. Appellees admit that resort must be had to "string saving" to support findings required to sustain title in appellees under the ten-year statute, but say, since the land here in dispute is not better suited to some practical purpose of ranching or farming, rather than as a playground for jackrabbits and horned toads, the case is susceptible to no better proof than that which was offered. The ten-year statute of limitations is quite precise with respect to the measure of proof required to establish title thereunder. The various elements required to be proven were not found by the trial court, nor are they reflected by the record. Appellant's Points 5, 7 and 9b are accordingly sustained.

Appellant's remaining assignments of error are Points Nos. 6, 8 and 9c, by which it is contended that the trial court erred in holding that appellees had perfected title to the land in question under the twenty-five year statute of limitation, Article 5519a, V.A.T.S.

In its conclusions of law, the trial court found that the title to the land involved in this suit, (1), was not claimed by the State of Texas; (2), that apparent record title to such land was in Gist Blair, but that neither Gist Blair nor his successors in title and interest have asserted any claim to such land, or paid taxes thereon, for a period of more than 58 years—from July 2, 1896 to February 4, 1955 (the period next preceding the filing of this suit); and, (3), that during such period appellees and their predecessors in title, whose estate they own, have openly exercised dominion over and asserted claim to said land, and have paid taxes thereon annually for the whole of such period, and that such facts constitute prima facie proof that title to such land had long since passed to appellees.

The findings and conclusions made by the trial court very carefully track the provisions of the statute (Art. 5519a), with but one exception, and that is a finding that appellees and their predecessors in title "have paid taxes thereon annually *before becoming delinquent* for as many as twenty-five years during such period". (Emphasis ours).

The evidence in this case shows that tax records were examined as far back as the year 1919, and reflected the taxes on said land to have been paid annually before becoming delinquent for all but one year, up until the filing of this suit in February, 1955; a tax redemption certificate, dated December 29, 1932, having been issued by the State of Texas to P. J. Goodhart on the land in question for 1931 taxes. While such evidence is insufficient to show taxes to have been paid by appellees for each year before delinquency for the period of twenty-five years next preceding the filing of suit, it does show the payment of taxes annually, and before delinquency, "for as many as twenty-five years" during the period in which they are shown to have openly exercised dominion over, and asserted claim to, said land before suit was filed.

Duke v. Houston Oil Co. of Texas, Tex. Civ.App., 128 S.W.2d 480.

While the evidence in this case is indeed sketchy, we think it is undoubtedly sufficient to support the trial court's findings with respect to the following matters:

(1) That the land involved in this suit was not claimed by the State of Texas;

(2) That neither Gist Blair, the holder of the apparent record title, nor anyone claiming under him, have either exercised dominion over the land or paid taxes thereon for more than 58 years;

(3) That appellees and their predecessors in title have paid all taxes due on said land annually for a period of more than 58 years. Although we are of the opinion that the evidence reflects, affirmatively, that such taxes have been paid by appellees

and their predecessors in title only for the years 1919 down to the date of trial on June 1, 1959, a period of 40 years—this is a period in excess of that required by Article 5519a, supra.

■ On the question of the payment of taxes, we hold that the burden is on one seeking to establish title under the provisions of this Act to show only that he and his predecessors in title "have paid taxes thereon annually before becoming delinquent for as many as twenty-five years during such period." We believe appellees have discharged this burden, and it is immaterial that appellees may not have paid the taxes for the year 1931 until after they had become delinquent. Duke v. Houston Oil Co. of Texas, supra.

This leaves us with the fourth element of proof required of appellees, if title to the land in controversy is to be sustained in them under the provisions of the statute, Article 5519a. Again, the evidence is extremely sketchy, but the trial court found that appellees and their predecessors in title had openly exercised dominion over and asserted claim to said land for a period of more than 58 years. Such finding was the trial court's conclusion of law that the facts proven, even in the absence of any showing that appellees or their predecessors in title had ever been in actual physical possession of the land, were sufficient as a matter of law to establish the elements of "openly exercised dominion" and "asserted claim" required by the statute.

■ We would sustain the trial court's finding that appellees and their predecessors in title had "asserted claim" to the land in question for the statutory period based on the evidence contained in the record and the findings of fact filed by the trial court. In many cases the same facts which would be sufficient to support a finding of "asserted claim" would also support a finding of "openly exercised dominion", but we do not believe this to be such a case. We recognize the authorities which

hold that something less than physical occupation or possession of the land is sufficient to establish the element of "dominion". So far as this record reflects, however, neither the appellees nor those under whom they claim have ever even seen the land which is the subject of this suit. There is no evidence that the land has been inspected, patrolled, grazed or subjected to any use whatsoever by any of the parties to this suit, or by anyone else. While we would not require appellees to prove continuous physical control over the land in order to show an exercise of dominion over it, we do believe there must be a showing of some physical conduct on the land itself to establish the element of "openly exercised dominion" required to satisfy the statute, Article 5519a.

It follows, from what we have said, that we believe appellees have failed to sustain the burden of proving title under the provisions of Article 5519a; and appellant's Points 6, 8 and 9c are accordingly sustained.

■ If the theories of recovery heretofore discussed were the only theories upon which the judgment of the trial court could be sustained, we would be required, even after having indulged every reasonable presumption in favor of the facts found, to reverse this case and render a take-nothing verdict against appellees, as well as against appellant on its cross-action. But it is a well-established rule of law that, where evidentiary facts are determined by the court, any doubts as to the facts raised by the evidence, and any view of the law which the court could have applied under the pleadings and the evidence, should be resolved in support of the judgment. In such case, if there is any theory on which the appeals court can affirm the judgment, it has a duty to do so. 4 Tex.Jur.2d, Sec. 806, p. 333 (and cases cited).

Section 2 of Article 5519a provides, among other things, that "this Act shall in no way affect any Statute of Limitation *or the right to prove title by circumstantial*

*evidence under the present Rule of Decision in the Courts of this State * * \*"* (Emphasis ours)

Appellant has directed none of its assignments of error against the establishment of title in appellees under proof of title by circumstantial evidence.

 Appellees in this case, and those under whom they claim, have, for a period of more than 58 years, asserted a claim to the land here involved; they have established a general reputation of being the owners thereof, and this reputation of ownership is reflected by the tax rolls, the plat books, and redemption receipts from the State of Texas; and, when coupled with a showing of complete non-claim by the holder of the apparent record title, and absolute lack of any showing that said land has been claimed or used by anyone else during such period, we think such evidence is sufficient to raise a presumption of grant. This presumption is strengthened by the fact that, on the same date of the deed from Gist Blair to P. J. Goodhart (July 2, 1896), Blair conveyed to Alex Adler a portion of the land covered by Blair's deed to Goodhart (the Southwest Quarter of Survey 33), which land was never claimed by Goodhart or these appellees, but who did and have ever since claimed, instead, the land involved in this suit.

It has been held that a deed, like any other fact, may be proved by circumstantial evidence, and that the jury should consider the weight of the testimony in deciding, and if it was more reasonable to presume that a deed had been executed than that one had not, then such presumption was authorized. Frugia v. Trueheart, 48 Tex.Civ.App. 513, 106 S.W. 736; Fowler v. Texas Exploration Co., Tex.Civ.App., 290 S.W. 818; Sydnor v. Texas Savings & Real Estate Inv. Ass'n, 42 Tex.Civ.App. 138, 94 S.W. 451.

As far back as Fletcher v. Fuller, 1887, 120 U.S. 534, 7 S.Ct. 667, 30 L.Ed. 759, it was held that a presumption of a deed was usually raised by the lapse of such period of time as would satisfy the statute of limitation, but where there was some element lacking which would bar a claim under the statute. The purpose of the rule, as announced by the court, was to settle titles where the land was understood to belong to one who does not have a complete record title, but has claimed a long time. 6 T.L.R. 550.

While we do not agree that appellees have established title under any of the statutes of limitation, we deem the evidence sufficient, based on the facts found by the trial court, to support the judgment of the trial court under the doctrine of title by circumstantial evidence.

The judgment of the trial court is affirmed.