Deupree BROWN et al., Appellants,

v.

Mrs. Ed F. GRICE, Appellee.

No. 10965.

Court of Civil Appeals of Texas.

Austin.

May 23, 1962.

Rehearing Denied June 6, 1962.

Clyde Vinson, San Angelo, for appellant.

O'Neal Dendy, San Angelo, for appellee.

ARCHER, Chief Justice.

This suit was filed by Mrs. Ed F. Grice, operating under the name of G & G Sales Company, against Deupree Brown and Don Brown for the possession of certain items and articles of merchandise listed on invoices identified as exhibits, and alleging conversion of such merchandise by defendants, to plaintiff's damage in the sum of $224.67, and sought exemplary damages alleging that the defendants wilfully withheld the merchandise. A writ of sequestration was issued directing the sheriff or any constable to take possession of the property, describing it, and the property was attached by the sheriff. The property was re-

plevied by Deupree Brown, with W. C. Turner and V. E. Beasley as sureties.

Trial was had to the Court without a jury and judgment was rendered in favor of the plaintiff against Deupree Brown for $213.86 actual damages and $125.00 exemplary damages. Of the sum of $213.86 a judgment for $161.92 was given against Deupree Brown and the sureties W. C. Turner and V. E. Beasley, jointly and severally.

The appeal is founded on three points and are that the Court erred in entering judgment for the recovery of the merchandise; in entering judgment against Deupree Brown for $213.86 and against Deupree Brown, W. C. Turner and V. E. Beasley jointly and severally for $161.92; and in rendering judgment against Deupree Brown for $125.00 exemplary damages.

Appellee alleged that certain merchandise, itemized on invoices, was consigned to David Farrington, with fixed prices on October 12, 1960, and that Farrington notified appellee in February, 1961 that he could not pay for the merchandise and desired to return the same in cancellation of his obligation which appellee consented to, and called at a station operated by appellants who refused to let appellee have the merchandise, claiming that the merchandise was sold on open account and that Farrington owed Brown a large sum of money and claimed the merchandise as his own.

There were a number of witnesses testifying in the case. Joe Whitaker, a salesman for appellee, testified that he sold the merchandise to Farrington, who could not pay for such, and told Whitaker to pick up the "stuff." The witness went to the station and checked over the belts and hose and found that some were missing; that Don Brown was running the station; that on February 6, 1961, the witness returned to pick up the merchandise and was told that Deupree Brown was claiming the same and refused to let the merchandise be taken away.

David Farrington testified that he purchased the merchandise and did not sell the same to Brown.

Scott Syler testified that he and Farrington operated the station under lease from Brown.

Deupree Brown, the operator of the station, testified that he told Whitaker on February 4, 1961, that the merchandise belonged to him.

The Trial Judge filed a statement of the testimony of the several witnesses. We have reviewed the record in the case and believe that it supports the judgment.

Since there was sufficient testimony that the merchandise belonged to the plaintiff and defendant Deupree Brown knowing that the merchandise did belong to the plaintiff, Brown's failure and refusal to permit the plaintiff to repossess the merchandise, and after the merchandise had been sequestered by the plaintiff and the defendant Brown having replevied the merchandise and took actual possession thereof, such acts were wilful and the defendant became liable for exemplary damages. The Court did not err in allowing $125.00 as damages.

17 Tex.Jur.2d 238, Secs. 173 et seq.

As above stated, this case was tried without a jury. The Court heard the testimony of the several witnesses and resolved the facts in favor of appellee. If the judgment can be sustained on any reasonable theory consistent with the record, it must be affirmed and we believe the evidence supports the judgment

Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Rilling v. Munoz, Tex. Civ.App., 344 S.W.2d 696, error ref., N. R.E.

The judgment of the Trial Court is affirmed.

Affirmed.