**MOBILE HOME BROKERS, INC., Appellant,**

v.

**Andy COLVIN, Jr., d/b/a Lazy Oaks Mobile Home Park, Appellee.**

No. 8096.

Court of Civil Appeals of Texas, Beaumont.

April 20, 1978.

Dale Felton, Houston, for appellant.

T. Kent Cochran, Houston, for appellee.

CLAYTON, Justice.

This is a suit for actual and exemplary damages as a result of a conversion. Plaintiff sold a mobile home to Mr. and Mrs. J. T. Dillard and retained a security interest in the mobile home until the entire balance of the purchase price was paid. The Dillards placed the home in a mobile home park owned by the defendant. Upon default in payment by the Dillards, plaintiff attempted to repossess the home pursuant to its security interest in the home but was refused possession of the home by defendant. Defendant would not release the home to plaintiff unless plaintiff paid rent and utility charges which were owing to defendant by the Dillards.

Trial was to a jury, but the trial court instructed a verdict in favor of plaintiff holding that defendant had committed the tort of conversion and awarded plaintiff the sum of $4,500, the same being the undisputed fair market value of the home at the time of the conversion. The trial court refused to submit requested special issues on malice and exemplary damages. Because of such refusal, the plaintiff appeals.

The only point of error urged by plaintiff is the error of the trial court in refusing to submit issues to the jury on malice and exemplary damages.

The act of conversion is apparently conceded by defendant. His only contention was that he believed he had the right to require plaintiff to pay him the amount of rentals and utility charges owed him by the Dillards; and, because of his belief in this regard, there was no malice shown by his acts, and therefore exemplary damages could not be recovered against him because of his refusal to permit plaintiff to gain possession of the mobile home.

Defendant testified that before he would permit plaintiff to take possession of the mobile home, plaintiff "had to pay me some rent." He knew that plaintiff was coming out to his place to repossess the home because Dillard had so advised him, that he,

defendant, "did not question the authority of [plaintiff] to get the home," and that plaintiff "couldn't get [the home] without [his] permission."

■ When one sequesters property when he knows or should have known that he has no right to title or possession of the property so taken, such action will authorize the recovery of the property so taken, and such action will authorize the recovery of exemplary damages. *First Security Bank & Trust Co. v. Roach*, 493 S.W.2d 612, 618 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.); *Commercial Credit Equipment Corp. v. Elliott*, 414 S.W.2d 35 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.); *Wright Titus, Inc. v. Swafford*, 133 S.W.2d 287, 293–94 (Tex.Civ.App.—Austin 1939, writ dism'd judgmt. cor.).

■ The evidence in this case is undisputed that the plaintiff had the legal right to possession of the mobile home and that the defendant knew and recognized such rights to possession. The defendant had no legal right to possession, and defendant's acts in failing and refusing to permit plaintiff to repossess the home were willful and showed a gross indifference to the rights of plaintiff. The issue of malice and exemplary damages were raised by this evidence. See *Brown v. Grice*, 357 S.W.2d 620, 621 (Tex.Civ.App.—Austin 1962, no writ). The trial court erred in not submitting these issues to the jury.

The judgment of the trial court is reversed, and this cause is remanded.

REVERSED and REMANDED.