# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00653-CV

**Bay Area Council Boy Scouts of America, a/k/a Bay Area Council, Inc. Boy Scouts of America, Appellant**

**v.**

**Marvin Leon Myers a/k/a Marvin L. Myers, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. GN200072, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Bay Area Council Boy Scouts of America, a/k/a Bay Area Council, Inc. Boy Scouts of America ("Bay Area Council") appeals from a summary judgment granted in favor of Marvin Leon Myers a/k/a Marvin L. Myers ("Myers") in a trespass to try title action concerning a 111-acre tract of land off of Hamilton Pool Road in Travis County, Texas (the "property in dispute"). Bay Area Council contends that summary judgment was improper because there was some evidence that it had record title to the disputed tract and because Myers failed to negate Bay Area Council's title-by-limitation claim as a matter of law. We will affirm the summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1967, Bay Area Council purchased from Lenoir M. Josey approximately 2,460 acres of land consisting of a collection of tracts in Travis and Hays counties known as the John Hunnicutt Ranch (the "Hunnicutt Ranch"). Bay Area Council used the property as a Scout

ranch until 1983, when it sold the northern 2,000 acres to James S. Ernst and Douglas J. Barclay. A survey performed at the time of that sale confirmed that the boundaries of the Hunnicutt Ranch as set forth in the metes and bounds description in the deed from Josey to Bay Area Council coincided with a fence line separating the Hunnicutt Ranch from Myers's ranch, which lies to the east of the Hunnicutt Ranch. The 111-acre property in dispute lies to the east of the fence, on Myers's side. The property in dispute was not used by Bay Area Council, and Bay Area Council states that it was not aware that it owned the property in dispute until 1998 when it sold the last 397 acres of the Hunnicutt Ranch to E. Anderson. Bay Area Council did not make a claim of ownership of the property in dispute until 1999.

Bay Area Council filed a trespass to try title action seeking an adjudication that it was the record owner of the property in dispute. In a trespass to try title action the plaintiff may recover by proving (1) regular chain of title from the sovereign; (2) superior title from a common source; (3) adverse possession; or (4) prior possession. *Land v. Turner*, 377 S.W.2d 181, 188 (Tex. 1964). Bay Area Council contended that it has record title to the property in dispute or, alternatively, that it has limitation title as a result of the continuous adverse possession of the land by its predecessors in interest. Myers filed a no-evidence motion for summary judgment as to Bay Area Council's claim of record title and a traditional motion for summary judgment as to the adverse possession claim. The district court granted both motions.

**STANDARD OF REVIEW**

A no-evidence summary judgment is essentially a pretrial directed verdict, and we review it under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750

2

(Tex. 2003). We review the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). A no-evidence summary judgment is improper if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i). More than a scintilla of evidence exists when the evidence presented rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). A no-evidence summary judgment will be sustained when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810.

The standards for reviewing a traditional summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

**DISCUSSION**

*Title from the Sovereign*

The property in dispute consists of 111 acres out of Colorado & Montgomery Railroad Survey No. 171, a 640-acre patent from the State of Texas to J. L. Buass in 1894 ("Survey No. 171"). Bay Area Council contends that it obtained title to the property in dispute by virtue of the 1967 conveyance from Josey (the "Josey Deed"). The Josey Deed describes the property conveyed as:

> 2,349.52 Acres of land known as the John Hunnicutt Ranch and described in the general warranty deed from Mike W. Butler, et al., to N. C. Sawyer, dated April 15, 1948, and recorded in Volume 141, pages 193-195, of the Deed Records of Hayes County, Texas, to which deed and the records thereof reference is here made for metes and bounds description.

The metes and bounds description of the Hunnicutt Ranch was originally established in a trespass to try title action filed by John H. Hunnicutt in 1939 ("the Hunnicutt proceeding") and was used in subsequent conveyances of the Hunnicutt Ranch, including the Josey Deed.[1] Bay Area Council concedes that while the metes and bounds description of the Hunnicutt Ranch includes 548 acres out of Survey No. 171, it does not include the remaining acres out of Survey No. 171 that constitute the property in dispute. The Hunnicutt proceeding also established that all of the acreage included in

---

[1] We note that the Josey Deed also conveys to Bay Area Council a "Second Tract" of 500 acres that appears to include some acreage from Survey No. 171. Bay Area Council does not contend that the property in dispute is part of the "Second Tract." Even if it were, Bay Area Council's prior ownership of that property could not constitute evidence of record title in this dispute since Bay Area Council conveyed its interest in the "Second Tract" to Ernst and Barclay in 1983.

4

the metes and bounds description of the Hunnicutt Ranch lay within a perimeter fence enclosing the ranch property.

Bay Area Council argues, however, that it has title to the property by virtue of a conveyance by Hunnicutt of the entirety of Survey No. 171 to one of its predecessors in title. Bay Area Council relies on a 1942 conveyance from Hunnicutt to L. C. Purnell (the "Hunnicutt Deed"). The Hunnicutt Deed conveys to Purnell the lands constituting the Hunnicutt Ranch using the metes and bounds description established three years earlier in the Hunnicutt proceeding.[2] In addition, the Hunnicutt Deed contains the following language:

> For the same consideration, the Grantors, in addition to the above described property [the Hunnicutt Ranch], conveyed to the Grantee . . . [a]ll of Section 171, C. & W. R. R. Co. Survey . . . it being the intention of the Grantors herein to convey to the Grantee all of said surveys whether or not the same is contained within the fence lines as above surveyed.

Bay Area Council contends that by virtue of the language in the Hunnicutt Deed, its predecessor (Purnell) obtained record title not only to the 548 acres of Survey No. 171 included in the Hunnicutt Ranch, but also to the remaining 111 acres of Survey No. 171 that constitute the property in dispute. We disagree.

A deed cannot convey a greater interest than that held by the grantor. *Cockrell v. Texas Gulf Sulphur Co.*, 299 S.W.2d 672, 675 (Tex. 1956); *Centerpoint Energy Houston Elec., L.L.P v. Old TJC Co.*, 177 S.W.3d 425, 432 (Tex. App.—Houston [1st Dist.] 2005, pet.

---

[2] Excluded from the conveyance is some acreage that Hunnicutt had disposed of prior to the Hunnicutt Deed that is not at issue in this case.

5

denied) (party cannot convey to another greater interest in property than it possesses). The property interest conveyed to Purnell could be no greater than the interest held by Hunnicutt, which the Hunnicutt proceeding established to include no more of Survey No. 171 than the 548-acre portion inside the ranch fence. Bay Area Council concedes that there is no record of any conveyance of any other portion of Survey No. 171 to Hunnicutt. Language in the Hunnicutt Deed purporting to convey a greater interest than Hunnicutt held would be ineffective. Therefore, the Hunnicutt Deed constitutes no evidence that the property in dispute was conveyed to Purnell without evidence that Hunnicutt was the record owner.

To establish that Hunnicutt was the record owner of the property in dispute despite its exclusion from the metes and bounds description of the Hunnicutt Ranch, Bay Area Council relies on a presumption that there is a "lost grant" conveying the remainder of Survey No. 171 to Hunnicutt. Bay Area Council's reliance on the "lost grant" theory under these facts is misplaced. The "lost grant" theory is essentially a common law adverse possession cause of action whereby a party is permitted to show title by circumstantial evidence. *Haby v. Howard*, 757 S.W.2d 34, 39 (Tex. App.—San Antonio 1988, writ denied). The court may presume a grant to a party claiming title when there exists "a long-asserted and open claim, adverse to that of the apparent owner" by that party. *Adams v. Slattery*, 295 S. W.2d 859, 869 (Tex. 1956). The rationale for the presumption is that the apparent owner would not acquiesce in an unfounded and adverse claim of ownership to his land by a third party. Such acquiescence permits the assumption that the apparent owner has parted with his title in favor of the third party. *Id.* at 868. The "lost grant" presumption has been applied when a party has asserted a claim to property in dispute for a long period of time, has established a

6

general reputation of owning the land, is able to establish a complete non-claim by the holder of apparent record title, and lack of a claim by any other person over the same period. *Purnell v. Gulihur*, 339 S.W.2d 86, 92 (Tex. Civ. App.—El Paso 1960, writ ref'd n.r.e.).

Bay Area Council presents no evidence that Hunnicutt, or any other of Bay Area Council's predecessors in interest, made any long standing or open claim to the property in dispute or established a general reputation of ownership. Bay Area Council appears to rely solely on the Hunnicutt Deed to support the presumption of a lost grant. Language in the Hunnicutt Deed purporting to convey the entirety of Survey No. 171, however, is not by itself evidence of a long-standing and open claim of ownership adverse to the record owner. In fact, the record evidence is to the contrary. Three years prior to the date Bay Area Council claims that Hunnicutt conveyed the property in dispute to Purnell, he introduced as evidence in the Hunnicutt proceeding a 1922 deed showing record title to all of Survey No. 171 in H. E. Stumberg. In the Hunnicutt proceeding, Hunnicutt limited his claim of ownership of land in Survey No. 171 to the 548 acres contained within his ranch fence. Hunnicutt did not claim any of the remaining acreage in Survey No. 171. Thus, the facts presented do not support a presumption that the property in dispute was conveyed by Stumberg to Hunnicutt, and the purported conveyance of that property from Hunnicutt to Purnell was ineffective.

The "strip and gore" doctrine advanced by Bay Area Council in its brief is also inapplicable under the facts presented. Bay Area Council notes that the next conveyance in its chain of title, from Purnell to Taylor Glass (the "Purnell Deed"), does not reference the property in

dispute.[3]  Bay Area Council contends that the "strip and gore" doctrine requires a presumption that the Purnell Deed conveyed the property in dispute to Glass.  The strip and gore doctrine allows for the presumption of conveyance of a small parcel of land omitted from a conveyance if the parcel (1) is small in comparison to the land conveyed; (2) is adjacent to or surrounded by the land conveyed; (3) belonged to the grantor at the time of the conveyance; and (4) was of no benefit or importance to the grantor.  *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.).  Because the Hunnicutt Deed did not convey the property in dispute to Purnell, it did not belong to him at time of the conveyance to Glass.  Accordingly the strip and gore doctrine cannot be used to support a presumption that it was conveyed along with the Hunnicutt Ranch in the Purnell Deed.  Consequently, there is no evidence that any of Bay Area Council's predecessors obtained title to the property in dispute, and the district court properly granted Myers's no-evidence motion for summary judgment on the title from the sovereign claim.

### Title by Limitation

Myers filed a traditional motion for summary judgment on Bay Area Council's claim to title by limitation.  In support of its motion, Myers presented evidence that neither Bay Area Council nor its predecessors in interest had possessed, used, or asserted any claim of ownership to

---

[3]  The omission of the property in dispute from the Purnell Deed is consistent with the conclusion that it was not part of the property conveyed to Purnell in the Hunnicutt Deed and that the language in the Hunnicutt Deed is more in the nature of a recitation found in a quitclaim deed.

the property in dispute and that in fact Myers's family has been in exclusive possession of the property since 1937.

Myers's evidence consisted of his affidavit stating that the Myers family has maintained uninterrupted use and exclusive possession of the property in dispute since 1937. In his affidavit, Myers avers that the Myers family used the property in dispute for grazing livestock and hunting, maintained the fences around the perimeter of the Myers Ranch including the property in dispute, and chased away individuals who entered the property without permission, including agents or representatives of Bay Area Council. The affidavit of an interested party may conclusively establish a fact when, as is the case here, it is clear, positive and direct, free from inconsistencies and contradictions, and could have been readily controverted. *New York Times, Inc. v. Isaacks*, 146 S.W.3d 163-64 (Tex. 2004); Tex. R. Civ. P. 166a(c). Myers also presented the deposition testimony of (1) Darrel Thurman, Scout ranch manager from the 1960s until 1975, who stated that Bay Area Council never possessed or occupied the property in dispute during his tenure; (2) Leonard Fehrle, Scout ranch manager from 1975 until 1983, who stated that Bay Area Council never possessed or occupied the property in dispute during his tenure; and (3) Patrick T. Craven, Bay Area Council's designated corporate representative, who testified that he had no knowledge or evidence that Bay Area Council ever possessed or used the property in dispute.

Bay Area Council does not contend that its own activities with respect to the property in dispute meet the criteria for establishing a claim of adverse possession against Myers or any other record owner. Rather, Bay Area Council claims that its predecessors in interest obtained perfected title to the property through *their* continuous adverse possession of the property for twenty-five years

9

and consequently passed good title to the property in dispute to Bay Area Council. *See* Tex. Civ. Prac. & Rem. Code Ann.§ 16.023 (West 2002). To defeat Myers's motion for summary judgment, Bay Area Council was required to demonstrate the existence of a genuine issue of material fact regarding adverse possession of the property by Bay Area Council's predecessors in interest. In the absence of a fact issue regarding such possession, Bay Area Council's claim to have obtained good title from its predecessors fails as a matter of law. Myers contends that there is no genuine issue of material fact with regard to whether Bay Area Council or any of its predecessors adversely possessed the property in dispute. We agree.

Adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Tex. Civ. Prac. & Rem. Code Ann. § 16.021 (West 2002). The only evidence Bay Area Council relies upon to create a fact issue regarding possession of the property in dispute is a presumption it claims emanates from the Hunnicutt Deed. Bay Area Council contends that the Hunnicutt Deed conveyed the entirety of Survey No. 171 to Purnell. Bay Area Council then cites *Porter v. Wilson*, 389 S.W.2d 650 (Tex. 1965), for the proposition that a grantee going into possession under a deed is presumed to occupy the property to the full extent of the property in the deed. Bay Area Council asserts that, by virtue of the Hunnicutt Deed, Purnell and each of the subsequent grantees is presumed to have "possessed" the property in dispute. The presumption that Bay Area Council's predecessors possessed the property in dispute is the only evidence Bay Area Council presented to controvert Myers's testimony that his family had exclusively used and possessed the property in dispute, and prevented others from entering or using the property, from

10

1937 to the present. A presumption, however, is simply a rule of law supporting a particular conclusion in the absence of evidence to the contrary; a presumption disappears when evidence to the contrary is introduced. *Sudduth v. Commonwealth County Mut. Ins. Co.*, 454 S.W.2d 196, 198 (Tex. 1970). Myers's affidavit is evidence that Bay Area Council's predecessors in title did not use or possess the property in dispute. In the face of this affirmative evidence, the presumption upon which Bay Area Council relies disappears. Bay Area Council presented no other evidence of possession of the property in dispute by its predecessors in interest. In the absence of any such evidence to controvert Myers's evidence that Bay Area Council and its predecessors did not use or possess the property in dispute, there is no genuine issue of material fact regarding an element essential to Bay Area Council's claim to limitation title, and that claim fails as a matter of law. The district court properly granted Myers's motion for summary judgment.

## CONCLUSION

We affirm the district court's order granting summary judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Affirmed

Filed:   March 27, 2009