JASPER LOVE ET AL V. D. D. EASTHAM.

No. 7678. Decided July 9, 1941.
Rehearing overruled October 15, 1941.
(154 S. W., 2d Series, 623.)

*Berry & Smither,* of Huntsville, for plaintiff in error.

The doctrine of presumption of a deed applies only to the deed of a deceased person and not to a living person, and to support a presumption that a deceased person made a deed to land such deceased person must have acquiesced in the adverse possession of the land by the grantee, which acquiescence is impossible without knowledge of such adverse possession. Jenkins v. Pure Oil Co., 53 S. W. (2d) 497; Bartee v. W. T. Carter & Bro., 100 S. W. (2d) 378; Stephens v. House, 248 S. W. 30.

*McKinney & Henson,* of Huntsville, and *Jack Bryd Eastham,* of Waxahachie, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Walker County, Texas, by D. D. Eastham against Jasper Love et al., to recover the title and possession, and to remove cloud from title, to a tract of 83 acres of land in Walker County, Texas. Trial in the district court, without the aid of a jury, resulted in a judgment for Eastham. This judgment was affirmed by the Galveston Court of Civil Appeals. 132 S. W. (2d) 292. The case is before this Court on writ of error granted on application of Jasper Love et al.

It is undisputed that this land was patented to George Love in 1888. At that time George Love was living on this land with his family, which included his wife, Betty. It was then their homestead, and when the patent issued it became the community property and community homestead of George and Betty Love.

By his petition D. D. Eastham asserts title under the three, five, ten, and twenty-five years statutes of limitation. Also, Eastham asserts title by presumptive conveyance or deed from George and Betty Love to his mother, Mrs. Della Eastham, now deceased. D. D. Eastham alleges that such conveyance was made about the year 1890. D. D. Eastham is Mrs. Della Eastham's sole heir. The trial court expressly grounded its judg-

ment on a finding that George and Betty Love presumptively conveyed this property to Mrs. Eastham. We shall therefore devote this opinion to a discussion and decision of the correctness of that conclusion. Plaintiffs in error contend that this record contains no evidence sufficient in law to show that George and Betty Love presumptively conveyed this land to Mrs. Eastham.

From the record before us it appears that George Love during his lifetime was a colored Methodist preacher. He and his wife, Betty, moved on this land in 1885, and lived on and occupied it as their homestead until during the year 1889. It was patented to George Love by the State of Texas on November 18, 1888. It is undisputed that it was the community property of George and Betty Love. In 1889 the Conference to which George Love belonged moved him to another charge, outside of Walker County and far removed from this land. George Love at such time moved with his family, including his wife, Betty, to this new charge. George Love died in 1907 in Cooper, in Delta County, Texas, without having returned to this land, or lived in its vicinity after he left it in 1889. Also, Betty Love never returned to this land after she left it in 1889.

At the time of his death, in 1907, George Love left surviving him his wife, Betty, and several lineal descendents. Jasper Love is one of such descendents. We understand that all of George Love's heirs, or their successors in title, are parties to this suit. After the death of George Love, Betty Love married a man named McFadden. She is here sued as Betty McFadden.

The trial court finds that at the time of his removal from this land, George Love was indebted to Mrs. Della Eastham, mother of D. D. Eastham. We will assume, for the purposes of this opinion, that the record sustains such finding. It is not contended that Mrs. Eastham had any lien.

As already indicated, the trial court rendered judgment for D. D. Eastham, on the theory that there is evidence in this record, sufficient in fact and in law, to sustain a finding of a presumptive conveyance of this land from George Love and wife, Betty Love, to Mrs. Della Eastham, about the year 1889 or 1890. On this finding, and on this finding alone, the trial court rendered judgment for D. D. Eastham. If this judg-

ment is allowed to stand, it must be on the theory that the evidence supports the trial court's express finding.

There is no direct evidence in this record showing, or tending to show, that George and Betty Love ever conveyed this land to Mrs. Della Eastham. No such deed has been recorded in Walker County, Texas, where this land is situated, and no such deed was offered in evidence in the trial of this case. No witnesses testified to having seen such a deed, and Betty McFadden, formerly Betty Love, absolutely denied that she ever saw, signed, or acknowledged such an instrument.

For the purposes of this opinion we will assume that about the year 1890 Mrs. Della Eastham assumed dominion and control over this land, and that she, and D. D. Eastham, since her death, have exercised such dominion and control up to the time of this trial. In this connection, we will assume, for the purposes of this opinion, that the dominion and control of the Easthams over this land for the time above indicated, has been open and notorious, and well and generally known in the vicinity where this land is located. We will further assume that such dominion and control has been so open and notorious that persons interested in this land, and living near or in the vicinity of the same, ought to have known and realized such dominion and control. We will finally assume, for the purposes of this opinion, that the dominion and control exercised by the Easthams has been such as is usually exercised by an owner.

On the other hand, it is shown that in 1889 George and Betty Love removed from this land, and from Walker County, where it is situated. It is further shown that George Love died in Cooper, in Delta County, Texas, in 1907, some eighteen years after he removed from this land. In this connection, it is shown that neither George nor Betty Love ever returned to this land after they removed therefrom in 1889. It is further shown that neither George nor Betty Love ever lived in Walker County, or near this land, from the date of their removal therefrom in 1889 until the death of George Love, in 1907. In this connection, it is not shown that George Love was ever in Walker County, or near this land, from the time of his removal therefrom until the date of his death. This is also true as to Betty. It seems that after the death of George Love, Betty married a man named McFadden. It further seems that about two years after the death of George Love, Betty moved

back to Walker County, and lived some few miles from this land.

**1, 2** Under the above record we are convinced that D. D. Eastham has failed, as a matter of law, to establish a presumptive conveyance from George and Betty Love to Mrs. Della Eastham about the year 1890. We are also convinced that D. D. Eastham has failed, as a matter of law, to establish a presumptive conveyance from George Love alone to Mrs. Della Eastham about the year 1890. Of course, if George Love did not convey, his wife, Betty, could not. In order to establish a presumptive conveyance, there must be a long and notorious claim of ownership, nonclaim by the ostensible owner, and acquiescence on the part of the ostensible owner in the claim of the adverse party. Stephens v. House, 112 Tex. 459, 248 S. W. 30; Walker v. Garadine, 78 Tex. 489, 15 S. W. 31; Bartee v. Carter (Civ. App.), 100 S. W. (2d) 378. Of course, it cannot be said that the ostensible owner has acquiesced in a claim of ownership adverse to his title, unless it can also be said that he had knowledge of such adverse claim. Such knowledge may be either actual or imputed. In our opinion, this record contains no evidence of actual knowledge on the part of George or Betty Love prior to George Love's death. It is further our opinion that this record contains no evidence that could justify a fact finding of imputed knowledge prior to George Love's death.

It has been held that where the ostensible owner resides in the immediate vicinity of a tract of land over which another party is exercising open and notorious dominion and control, knowledge of such dominion and control may be thereby imputed to the owner. Stephens v. House, supra. But such rule cannot aid D. D. Eastham here, because George Love never resided in the immediate vicinity of this land at any time after the Easthams assumed to own and control it. Should we admit that Betty McFadden has resided in the vicinity of this land since 1909, and during such time has known the claim of ownership of the Easthams, still such fact would not aid D. D. Eastham,—because, in order for him to establish title by presumptive conveyance, he must establish a presumptive conveyance from George Love. A presumptive conveyance from Betty during converture would avail him nothing. He does not contend that he has a presumptive conveyance from Betty, executed after George Love died.

Even if it should be admitted that the heirs of George Love have known and acquiesced in the Easthams' claim of title since George Love's death, a matter we do not decide, still no presumptive conveyance from George Love is established, because no knowledge on the part of George Love has been shown. Fowler v. Texas Exploration Co., 290 S. W. 818. We quote the following from the Fowler opinion:

"The salutary rule which authorizes a court or jury to find when a title has been openly and notoriously asserted for a long period of time, as against the heirs of one who held the title in his lifetime and must have known of the adverse claim and assertion of title and such continuous adverse claim and active assertion of ownership is known and long acquiesced in by the heirs, that such title had passed by deed or otherwise from their ancestor, is a settled rule of decision in this state. The rule is generally referred to as the presumption of a deed or grant, but it seems to us it could be more accurately termed proof of title by circumstantial evidence. The rule has been given the most liberal interpretation and application by our courts."

The judgments of the Court of Civil Appeals and district court are both reversed, and this cause is remanded to the district court for a new trial.

Opinion delivered July 9, 1941.

Rehearing overruled October 15, 1941.