# NO. 12-13-00053-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT FAIR, INDEPENDENT EXECUTOR OF THE ESTATE OF WILTON FAIR, DECEASED, AND BARTON WALKER FAIR, JR., APPELLANTS* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *ARP CLUB LAKE, INC., JEANNE DAVIS, BOB DEHAAN, JAMES D. CARUTHERS, AND DON CARUTHERS, APPELLEES* | *§* | *SMITH COUNTY, TEXAS* |

## *OPINION*

Robert Fair, independent executor of the estate of Wilton Fair, deceased, and Barton Walker Fair, Jr. (the Fairs), owners of a 36.24 acre tract of land, appeal from an adverse summary judgment by which the trial court awarded possession of that tract to Appellees, Arp Club Lake, Inc., Jeanne Davis, Bob DeHaan, James D. Caruthers, and Don Caruthers (ACL). The Fairs contend in two issues that the trial court erred in granting ACL's motion for summary judgment and in denying their motion for a partial summary judgment. We affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

The heart of this appeal involves a dispute over entitlement to exclusive possession of an 84.3 acre tract that includes the Fairs' 36.24 acre tract. In 1936, the owners of the 84.3 acres signed a "Contract and Agreement" (the lease) providing that they "demised and leased" the land

to three named individuals for ninety-nine years.[1]  The lease was not recorded in the Smith County deed records until 1941.

The Fairs and ACL agree to these facts:

- The lessees have not asserted rights under the 1936 lease.

- In 1945, ACL was incorporated.

- ACL is a corporation which, as of February 2010, had thirty-eight shareholders with at least one share each.

- ACL is currently in possession of the 84.3 acres described in the lease (which include the Fairs' 36.24 acres).

- There is no written assignment from the lessees to ACL.

In 2010, the Fairs recorded an instrument that they claim gives them fee simple title to 36.24 acres of the 84.3 acre tract described in the 1936 lease.  Later that same year, when the Fairs attempted to take possession of the 36.24 acre tract, ACL denied them access.

In response to this denial of access, the Fairs filed suit against ACL to remove cloud and quiet title to the 36.24 acres.  ACL answered and filed a traditional motion for summary judgment.  The Fairs filed a motion for a partial summary judgment.  The trial court granted ACL's motion, denied the Fairs' motion, and dismissed the Fairs' claims against ACL.  The Fairs timely filed this appeal.


### STANDARD OF REVIEW

We review a trial court's granting of a summary judgment de novo.  ***Provident Life & Accident Ins. Co. v. Knott***, 128 S.W.3d 211, 215 (Tex. 2003).  We apply the following standards for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c).

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

---

[1] The Fairs characterize the "Contract and Agreement" as a hunting and fishing lease, while ACL contends it is a conventional lease.  For consistency and ease of reference, we will refer to the "Contract and Agreement" as a lease and to its parties as lessors and lessees.  For the reasons set forth in a later section of this opinion, we do not construe this document.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## ACL'S MOTION FOR SUMMARY JUDGMENT

In their first issue, the Fairs assert that the trial court erred in granting ACL's motion for summary judgment. Generally, they contend that ACL established none of its affirmative defenses, the presumed grant doctrine does not apply in this case, and the 1936 lease does not apply to the Fairs' 36.24 acre tract. Alternatively, they contend that if it does apply, the lease is a hunting and fishing lease only. Finally, the Fairs assert that they can pursue a declaratory judgment action in addition to a trespass to try title claim.

### Appropriateness of Declaratory Judgment Cause of Action

In their fourth amended petition, the Fairs sought relief under both the trespass to try title statute and the Declaratory Judgments Act (DJA). ACL asserted in its motion for summary judgment that the Fairs cannot pursue a declaratory judgment action because trespass to try title is the sole means for determining the rights of the parties.

#### *Applicable Law and Discussion*

A trespass to try title action is the method of determining title to lands, tenements, or other real property. TEX. PROP. CODE ANN. § 22.001 (West 2000). This statute is typically used to clear problems in chains of title or to recover possession of land unlawfully withheld from the rightful owner. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Trespass to try title is the exclusive remedy to resolve competing claims for property. *Lile v. Smith*, 291 S.W.3d 75, 77 (Tex. App.–Texarkana 2009, no pet.). In a trespass to try title action, the prevailing party's

3

remedy is title to, and possession of, the real property interest at issue. *Vernon v. Perrien*, 390 S.W.3d 47, 54 (Tex. App.–El Paso 2012, pet. denied).

The relevant portion of the DJA states as follows:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008).

The DJA provides an efficient vehicle for parties to seek a declaration of rights under certain instruments. *Amerman*, 133 S.W.3d at 265. If resolution of a dispute does not require a determination of which party held title at a particular time, the dispute can properly be raised in a declaratory judgment action; in other words, if the determination only prospectively implicates title, then the dispute does not have to be brought as a trespass to try title action. *I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 475 (Tex. App.–Houston [14th Dist.] 2012, pet. denied). However, the DJA cannot be invoked when it would interfere with some other exclusive remedy. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009).

ACL currently has exclusive possession of the 84.3 acres. The immediate and primary relief the Fairs sought in their fourth amended petition was a "judgment for Plaintiffs for title [to] and possession" of their 36.24 acres. Any other relief sought, such as having the 1936 lease construed, was ancillary and subordinate to the exclusive possession. When title and possession are at issue in a suit, trespass to try title is the exclusive remedy. *Lile*, 291 S.W.3d at 77. Therefore, the Fairs could pursue only a trespass to try title suit to seek title and possession of the 36.24 acres. *See MBM Fin. Corp.*, 292 S.W.3d at 669. The trial court did not err in granting summary judgment for ACL on this ground.

**Affirmative Defenses**

In its motion for summary judgment, ACL asserted the affirmative defenses of equitable estoppel, waiver, laches, and limitations. More specifically, it argued that the Fairs are equitably estopped from the relief they seek because ACL and its shareholders have been induced to change their positions to their detriment by the Fairs' inactivity or lack of action. Likewise, they asserted that the doctrine of laches prevents the Fairs from asserting their claim because of their

4

unreasonable delay in bringing the claim and ACL's good faith change in position due to that delay. ACL contended that the Fairs waived any rights they are seeking by waiting until the seventy-fifth year of the ninety-nine year lease to raise the issues they complain about. Finally, without specifying which statute of limitations applies, or citing to any legal authority, ACL asserted that the Fairs' claims are barred by any applicable statute of limitations.

As explained below, we conclude that ACL has not met its burden to show that it is entitled to summary judgment as a matter of law on any of these affirmative defenses because it did not conclusively prove all of the elements of any of the defenses asserted. *See Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000).

### *Equitable Estoppel*

To establish an equitable estoppel, ACL had to prove (1) a false representation or concealment of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge, or the means of knowledge of those facts, (5) who detrimentally relied upon the misrepresentations. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991), *overruled on other grounds, In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010) (orig. proceeding). In the suit before us, ACL argues that the Fairs should not be allowed "to sit back, allow ACL and its members to change their positions, and then complain decades later." However, ACL has not addressed the elements of equitable estoppel. ACL has produced no evidence of the Fairs' making any type of representation to them or concealing any of the facts of the case. ACL has failed to prove the elements of equitable estoppel and therefore is not entitled to summary judgment on this affirmative defense. *See Clark*, 38 S.W.3d at 580; *Schroeder*, 813 S.W.2d at 489.

### *Waiver*

Waiver requires either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Gen. Elec. Capital Corp*., 203 S.W.3d 314, 316 (Tex. 2006) (orig. proceeding). For implied intent to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Id*. Waiver is ordinarily a question of fact, but when the surrounding facts and

circumstances are undisputed, as in this case, the question becomes one of law. *Id*. at 156-57. ACL has been unable to show by reference to the summary judgment evidence that the Fairs did not continue to assert that they owned the 36.24 acres in dispute and that they had a right to possess it. Because ACL failed to provide any evidence of waiver, summary judgment cannot be upheld on this ground. *Id*. at 156.

### *Laches*

Laches is an equitable defense akin to estoppel and requires a showing that (1) the suing party unreasonably delayed asserting his rights, and (2) due to the delay, the opposing party has made a good faith change of position to its detriment. *Nw. Austin Mun. Util. Dist. No. 1 v. City of Austin*, 274 S.W.3d 820, 839 (Tex. App.–Austin 2008, pet. denied). Laches is not a defense in a trespass to try title suit where the plaintiff's right is based on legal title. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989).

Ownership of the 36.24 acres at issue can be traced back to G.V. Allen, one of the original lessors. The land passed to his widow, Pearl, when he died. In 1964, the Arp Independent School District foreclosed its property tax lien against the land for Pearl's failure to pay taxes. At that time, the sheriff executed a sheriff's deed conveying the land to Edwin Russell. In 1970, Russell executed a deed conveying to Wilton H. Fair part of the land conveyed to Russell by the sheriff's deed. Fair believed the 36.24 acres was included in that deed and paid taxes on it. Fair died in 2000. Robert Fair, as executor of Fair's estate, continued to pay property taxes on the 36.24 acres. In 2010, the executor wanted to sell the property and learned that it had been inadvertently omitted from the 1970 deed to Wilton H. Fair. The executor filed a lawsuit against Russell's only heir and obtained record title to the real property at issue in 2010. The Fairs filed suit against ACL in early 2011. Thus, there was no unreasonable delay in asserting their rights once they established their record title. *See City of Austin*, 274 S.W.3d at 839. Additionally, since the Fairs' right is based on legal title, laches is not an applicable defense. *See Rogers*, 772 S.W.2d at 80. Further, ACL has produced no evidence to show that it changed its position due to the Fairs' seeking a judicial determination of their rights in the real property. ACL has failed to establish that it is entitled to summary judgment on its affirmative defense of laches. *See City of Austin*, 274 S.W.3d at 839.

### *Limitations*

In its summary judgment motion, ACL alleged that according to their most recent petition, the Fairs have owned the property in question since 1970, but did not file suit until 2011. Consequently, ACL argues that "[c]learly, under any applicable statute of limitations, [the Fairs'] claims would be barred."

A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for summary judgment. *Roark v. Stallworth Oil & Gas, Inc*., 813 S.W.2d 492, 494 (Tex. 1991). To obtain summary judgment on the affirmative defense of limitations, a movant must conclusively establish the elements of the defense, including when a cause of action accrued and that the plaintiff did not file suit within the limitations period. *Diversicare Gen. Partners, Inc. v. Rubio*, 185 S.W.3d 842, 45 (Tex. 2005). Here, ACL did not specify the applicable limitations period and did not present any summary judgment evidence to establish the elements of the defense. Therefore, ACL did not establish that it is entitled to summary judgment on its affirmative defense of limitations. *See* TEX. R. CIV. P. 166a.

## Presumed Grant Doctrine

ACL asserts that it has been operating as lessee of the property and has been in exclusive possession of the land since 1945. Both the Fairs and ACL agree that there is no written assignment from the lessees to ACL. To overcome this obstacle, ACL asserted that, pursuant to the presumed grant doctrine, the court should presume the original lessees assigned their rights under the 1936 lease to ACL, despite the absence of a recorded assignment. The Fairs argue that ACL did not establish the presumption as a matter of law. For purposes of this discussion, we will assume that, as ACL contends, the "Contract and Agreement" is a conventional lease.

### *Applicable Law*

The doctrine of presumed lost deed or grant, which is also referred to as title by circumstantial evidence, has been described as a common law form of adverse possession. *Conley v. Comstock Oil & Gas LP*, 356 S.W.3d 755, 765 (Tex. App.—Beaumont 2011, no pet.). The purpose is to settle titles where the land was understood to belong to one who does not have a complete record title, but has claimed the land a long time. *Id*. To establish title by this doctrine, the evidence must show (1) a long asserted and open claim, adverse to that of the apparent owner; (2) nonclaim of the apparent owner; and (3) acquiescence by the apparent owner

7

in the adverse claim.  ***Adams v. Slattery***, 295 S.W.2d 859, 868 (Tex. 1956).  The rule has been given the most liberal interpretation and application by our courts.  ***Id***.

### *Discussion*

We are aware of dozens of cases in Texas applying the presumed grant doctrine.  All involved disputes over title to real property.  None involved solely disputes over possession of real property.  ACL has cited no cases applying the presumed grant doctrine to a lease.  However, assuming the presumed grant doctrine could apply to a lease of real property, ACL has failed to present evidence to establish the application of the doctrine here as a matter of law.

If the presumed grant doctrine applies to the 1936 lease, the named lessees would be in the position of "apparent owner."  ACL and the Fairs both agree the lessees are not asserting rights to the 84.3 acres at this time.  Thus, the second element of the presumed grant doctrine has been met.  *See **Adams***, 295 S.W.2d at 868.  ACL contends that it has had exclusive possession of the 84.3 acres since 1945.  As evidence in support of its motion for summary judgment, ACL submitted the 1936 lease, a joint pretrial order filed April 11, 2012, that includes thirteen admissions of fact, an affidavit of its president along with a copy of an undated map of the lake, and a copy of the 1964 sheriff's deed.  None of these exhibits indicate how long ACL has been in possession of the land.  With their response, the Fairs attached as evidence a section of the Texas Tax Code, a surveyor's affidavit, documents showing their chain of title, and the affidavit of Robert Fair in which he explains how they obtained record title to the 36.24 acre tract.  None of these exhibits indicate how long ACL has been in possession of the land.  Accordingly, there is no evidence of a long asserted and open claim to the land by ACL.

As to the third element, acquiescence of the apparent owner (the lessees), it cannot be said that the apparent owner has acquiesced in the claim of ownership adverse to his title, unless it also can be said that he had knowledge of such adverse claim.  ***Love v. Eastham***, 154 S.W.2d 623, 625 (Tex. 1941).  This knowledge may be actual or imputed.  ***Id***.  For instance, where the apparent owner resides in the immediate vicinity of a tract of land over which another party is exercising open and notorious dominion and control, knowledge of that dominion and control may be imputed to the owner.  *See **id***.

In the record before us, there is no evidence showing the location of the lessees after the lease was signed, how long the lessees possessed the 84.3 acres, or if they have any knowledge of who has possessed the land since they vacated it.  Therefore, there is also no evidence of the

8

lessees' knowledge that ACL claimed exclusive possession of the 84.3 acres. Further, there is no evidence of whether the lessees or their heirs were still in the immediate vicinity of the 84.3 acres at the time ACL began possessing the land. Without this evidence, the lessees' knowledge of ACL's claim cannot be imputed. Because ACL did not meet its burden to produce evidence of the lessees' actual or imputed knowledge of ACL's claim, they have failed to prove the third element of the presumed grant doctrine. *See Adams*, 295 S.W.2d at 868. Accordingly, the trial court erred in granting summary judgment on the ground that ACL established its right of possession in the 84.3 acres under the presumed grant doctrine. *See Nixon*, 690 S.W.2d at 548-49.

## Summary

We sustain the Fairs' first issue to the extent they complain that ACL is not entitled to summary judgment under any of the four asserted affirmative defenses and has not shown that it is entitled to rely on the 1936 lease. We overrule the Fairs' first issue to the extent they complain that the trial court erroneously determined that they cannot bring this suit under the DJA. We need not address the Fairs' arguments that the 1936 lease does not apply to their 36.24 acre tract or their argument concerning the construction of the lease. *See* TEX. R. APP. P. 47.1.

## DENIAL OF PARTIAL SUMMARY JUDGMENT

In the Fairs' second issue, they complain that the trial court erred in denying their motion for partial summary judgment. In their motion, the Fairs sought judgment for title to the 36.24 acres and a finding that the 1936 lease does not apply to that property. Alternatively, they sought a determination of the rights and obligations of the parties. They also moved for summary judgment on ACL's affirmative defenses. The trial court denied the motion. Relying on the fact that both sides filed motions for summary judgment, the Fairs assert that this court should review the denial of their motion and render the correct judgment. The Fairs urge this court to grant a partial summary judgment in their favor and remand their remaining claims for damages and attorney's fees to the trial court.

When both sides move for summary judgment and the trial court grants one motion but denies the other, the appellate court should review both sides' proof and determine all questions presented by the motions. *Mid-Continent Cas. Co. v. Global Enercom Mgmt.*, 323 S.W.3d 151, 153-54 (Tex. 2010) (per curiam). The appellate court should then render the judgment the trial

court should have rendered. *Id*. at 154. However, the denial of a cross-motion for summary judgment is reviewable only if that cross-motion sought a disposition of all claims in the trial court. *See In re D.W.G.*, 391 S.W.3d 154, 164 (Tex. App.–San Antonio 2012, no pet.). Here, the Fairs' motion for partial summary judgment did not seek a final judgment and, therefore, its denial is not reviewable. *Id*.

### DISPOSITION

We ***affirm*** the trial court's judgment to the extent it dismissed the Fairs' declaratory judgment action.

Because ACL did not prove its affirmative defenses, did not prove that it has any rights under the 1936 lease, and did not prove entitlement to possession of the land at issue as a matter of law, the trial court erred in granting ACL's motion for summary judgment on the Fairs' trespass to try title cause of action.

We ***reverse*** that portion of the trial court's judgment dismissing the Fairs' trespass to try title cause of action and ***remand*** the cause to the trial court for proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 9, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 9, 2014

NO. 12-13-00053-CV

**ROBERT FAIR, INDEPENDENT EXECUTOR OF THE ESTATE OF
WILTON FAIR, DECEASED, AND BARTON WALKER FAIR, JR.,**
Appellants
V.
**ARP CLUB LAKE, INC., JEANNE DAVIS, BOB DEHAAN,
JAMES D. CARUTHERS, AND DON CARUTHERS,**
Appellees

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 11-0588-A/B)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below and that same should be **affirmed** in part and **reversed** in part and the cause **remanded** for further proceedings.

It is ORDERED, ADJUDGED and DECREED that the portion of the trial court's judgment dismissing the declaratory judgment cause of action is **affirmed**.

It is FURTHER ORDERED, ADJUDGED and DECREED that the trial court's judgment be **reversed in all other respects** and the cause **remanded** to the trial court **for further proceedings**.

It is FURTHER ORDERED that all costs of this appeal are hereby adjudged against Appellees, **ARP CLUB LAKE, INC., JEANNE DAVIS, BOB DEHAAN, JAMES D. CARUTHERS, and DON CARUTHERS** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*