ACCEPTED
03-15-00051-CV
5156207
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/5/2015 1:17:11 PM
JEFFREY D. KYLE
CLERK

# 03-15-0051-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/5/2015 1:17:11 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS FOR THE
THIRD APPEALS DISTRICT OF TEXAS
SITTING AT AUSTIN, TEXAS

TRENT LINDIG,

*Appellant*,

v.

PLEASANT HILL ROCKY COMMUNITY CLUB,

*Appellee.*

On Appeal from the 33rd District Court, Blanco County, Texas
Hon. J. Alan Garrett, presiding; Cause No. CV 07580

## APPELLEE'S BRIEF

Norman L. Nevins
State Bar No. 14936000
THE NEVINS LAW FIRM
206 West Main St.
Fredericksburg, TX 78624
830.990.0557/F: 830.990.0559
nnevinslaw@yahoo.com

Jeff Small
State Bar No. 00793027
LAW OFFICE OF JEFF SMALL
12451 Starcrest Dr, Suite 100
San Antonio, TX 78216.2988
210.496.0611/f: 210.579.1399
jdslaw@satx.rr.com

COUNSEL FOR APPELLEE

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Have the circumstances occurred to trigger the reverter clause in the 1927 Albert Lindig Deed?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    The trial court properly found that the possibility of reverter set out in the 1927 Deed never occurred and, thus, Trent Lindig cannot demonstrate superior title as he must to prevail on his trespass to try title claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    The construction of a deed is based on what it actually says not what the grantor meant, but failed to say.. . . . . . . . . . . . . 5

        B.    The limitation in the deed here — the possibility of reverter — must be strictly construed against Trent to give PHRCC the largest estate possible and avoid a forfeiture if another reasonable construction is possible.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C.    The contested clause in Albert Lindig's 1927 Deed specifies only one limitation resulting in a reverter — the property reverts only if the "School house is removed from said land.". . . . . . . . 7

        D.    Stewart v. *Blain* was wrongly decided, but even if it were not, the language here has a significant difference.. . . . . . . . . 8

CONCLUSION and PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

## <u>Cases</u>

*Alford v. Krum,*
 671 S.W.2d 870 (Tex. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Criswell v. European Crossroads Shopping Center, Ltd.,*
 792 S.W.2d 945 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Curdy v. Stafford,*
 88 Tex. 120, 30 S.W. 551 (1895). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dahlberg v. Holden,*
 238 S.W.2d 699 (Tex. 1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Davis v. Skipper,*
 83 S.W.2d 318 (Tex. 1935). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fair v. Arp Club Lake, Inc.,*
 437 S.W.3d 619 (Tex. App.— Tyler 2014, no pet.). . . . . . . . . . . . . . . . 5

*Hedick v. Lone Star Steel Co.,*
 277 S.W.2d 925 (Tex. Civ. App.–
 Texarkana 1955, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Humble Oil & Ref. Co. v. Harrison,*
 146 Tex. 216, 205 S.W.2d 355 (1947). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hunt v. Heaton,*
 643 S.W.2d 677 (Tex. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jones v. N.Y. Guar. & Indem. Co.,*
 101 U.S. 622 (1879). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Land v. Turner,*
 377 S.W.2d 181 (Tex. 1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Luckel v. White,*
 819 S.W.2d 459 (Tex. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Martin v. Amerman,*
 133 S.W.3d 262 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rogers v. Ricane Enters.,*
 884 S.W.2d 763 (Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stewart v. Blain,*
 159 S.W. 928 (Tex. Civ. App. – Galveston 1913, no writ).. . . . . . . . . . 8

*Terrell v. Graham,*
 576 S.W.2d 610 (Tex. 1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Terrill v. Tuckness,*
 985 S.W.2d 97 (Tex. App.--San Antonio 1998, no pet.).. . . . . . . . . . . 5

## Statutes

 TEX. PROP. CODE § 22.001(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Other Authorities

14 TEX.JUR., sec. 138, p. 138. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

http://dictionary.reference.com/browse/but.. . . . . . . . . . . . . . . . . . . . . 9

http://legal-dictionary.thefreedictionary.com/precatory. . . . . . . . . . . . . 9

http://tinyurl.com/p84zxnw. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

http://www.thesaurus.com/browse/but.. . . . . . . . . . . . . . . . . . . . . . . 9

## ISSUE PRESENTED

Have the circumstances occurred to trigger the reverter clause in the 1927 Albert Lindig Deed?

## STATEMENT OF FACTS

Appellee Pleasant Hill-Rocky Community Club ("PHRCC") takes issue with Appellant Trent Lindig's[1] statement of facts. Trent presents as fact self-serving statements on disputed issues including, among other things, statements regarding the payment of taxes and the grant of permission. PHRCC will set forth only the very few facts necessary to establish the context of the current controversy – has the possibility of reverter as drafted by Albert Lindig in his 1927 Deed been triggered.

Albert Lindig, Trent's great-grandfather, executed a deed on September 10, 1927 conveying a parcel of land to J.C. Goar, T.E Patton, Scott Klett, J.J. Fuchs and Gus Artzt, the Blanco County Board of Trustees and their successors in office.  CR 96. That deed is recorded at Volume 44, Page 467-468, in the Official Public Records of Real Property of Blanco County, Texas (the "Property"). CR 96. From 1927 until 1951 or 1952, the Trustees used the Property as a school. CR 32, 56-57.

On August 4, 1952,  the Blanco County Board of Trustees  at the time,

---

[1] Because there are other Lindig men referred to here, this brief will refer to Appellant Trent Lindig by his first name for the Court's ease of reference.

Aaron Posey, Edgar Heins, Joyce Goar, C.W. Freer and Oscar Jones, Jr., executed a deed and conveyed the Property to Louis Lindig, Alfred Brodbeck, August Ludwig, Earnest Petri, Levi Deike, Emil Hartmann and Walter Ludwig and their successors in office, as Trustees of the Pleasant Hill Improvement Association, to be maintained and cared for "as a Community Center for the benefit of Pleasant Hill Community in Blanco County, Texas." CR 41-42. Neither the 1952 Blanco County Board of Trustees nor the 1952 Trustees of the Pleasant Hill Improvement Association, including Louis Lindig, Albert's brother, thought they were violating the 1927 Deed in that the 1952 conveyance made explicit reference to the 1927 Deed and Albert's reversionary interest contained in it. *See* CR 56-57.

Referring to the 1927 Deed, the 1952 Deed states that the conveyance is "for as long as the above described premises are used for Public and Community purposes." CR41, 44-45. E.D. Harrison, County Judge, Blanco County, Texas, witnessed and acknowledged the signatures of the Pleasant Hill Improvement Association Trustees on the 1952 Deed, and it was recorded in the Blanco County deed records on August 8, 1952. CR42.

The Pleasant Hill Improvement Association took possession of the Property in 1952 and, later changed its name from Pleasant Hill Improvement Association to Pleasant Hill-Rocky Community Club. CR 60-61. The Property

has been used for *public and community purposes* continuously since 1952. CR 62-63. Since 1958, the Pleasant Hill-Rocky Community Club ("PHRCC") has continuously presented an annual benefit dinner, called the Smorgasbord with all of the proceeds being given to Pleasant Hill-Rocky community charitable organizations and causes the entire time. CR 61.

Whether the Property was used for school purposes was never questioned from 1952 to 2013, even by the Lindigs who are, or were, members of the PHRCC, until a commercial enterprise offered to rent the school property from Trent. CR 61, 63.

## SUMMARY OF THE ARGUMENT

A limitation such as the possibility of reverter contained in the 1927 Deed at issue here is strictly construed against the grantor to give the grantee the largest estate possible and to avoid a forfeiture whenever another reasonable interpretation is possible. In construing a grantor's intent, this Court is bound to interpret the language actually used as opposed to inferring what the grantor may have meant, but failed to say.

That said, any uncertainty in the construction of Albert Lindig's 1927 Deed must be resolved against him and his heirs. While Albert referred to "school purposes," there is a clear separation between those expressions and the reverter clause, which states only one limitation/reverter – the removal of the school building.

Accordingly, this Court should strictly interpret the 1927 Deed in favor of Pleasant Hill-Rocky Community Club and affirm the trial court's judgment that the possibility of reverter has not occurred.

4

# ARGUMENT

**The trial court properly found that the possibility of reverter set out in the 1927 Deed never occurred and, thus, Trent Lindig cannot demonstrate superior title as he must to prevail on his trespass to try title claim.**

"The [Trespass to Try Title] statute expressly provides that it is "*the* method for determining title to . . . real property." *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (quoting TEX. PROP. CODE § 22.001(a) (emphasis added)); *see Fair v. Arp Club Lake, Inc.*, 437 S.W.3d 619, 623-24 (Tex. App.—Tyler 2014, no pet.).

> To recover in a trespass to try title action, the plaintiff must recover upon the strength of his own title. *Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex. 1982); *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964). The plaintiff may recover (1) by proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession, and that the possession has not been abandoned. *Turner*, 377 S.W.2d at 183.

*Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994).

**A.    The construction of a deed is based on what it actually says not what the grantor meant, but failed to say.**

Construction of an unambiguous deed is a question of law. *Terrill v. Tuckness,* 985 S.W.2d 97, 101 (Tex. App.--San Antonio 1998, no pet.) (noting that rules of contract construction ordinarily apply to construction of a deed). "The primary duty of the courts in interpreting a deed is to ascertain the intent of the parties." *Alford v. Krum,* 671 S.W.2d 870, 872 (Tex. 1984) (citing

*Terrell v. Graham*, 576 S.W.2d 610, 612 (Tex. 1979)). A deed is subject to the same rules of interpretation and construction as a contract. *See Luckel v. White*, 819 S.W.2d 459, 461-62 (Tex. 1991).

"[T]he question is not what the parties meant to say, but the meaning of what they did say." *Alford*, 671 S.W.2d at 872. This Court "must construe th[e] language as it is written and [cannot] alter it by interpolation or substitution." *See Dahlberg v. Holden*, 238 S.W.2d 699, 701 (Tex. 1951).

**B.     The limitation in the deed here — the possibility of reverter — must be strictly construed against Trent to give PHRCC the largest estate possible and avoid a forfeiture if another reasonable construction is possible.**

"A court of equity abhors forfeitures, and will not lend its aid to enforce them." *Jones v. N.Y. Guar. & Indem. Co.*, 101 U.S. 622, 628 (1879). "Covenants or restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubts should be resolved in favor of the free and unrestricted use of the premises." *Davis v. Skipper*, 83 S.W.2d 318, 321 (Tex. 1935). Any doubt in construction must be interpreted in favor of the grantee to avoid forfeiture if another reasonable interpretation is available. *Criswell v. European Crossroads Shopping Center, Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990).

The only possibility of reverter in the 1927 Deed focuses on the school "building" and its presence on the site conveyed to the Trustees, NOT the

6

property's school "use" or "purpose." CR 96. If Albert Lindig intended for the property to revert if the property was no longer used for school purposes, he could have included that stipulation in the reverter clause just as easily as he mentioned it in other places in the document. He did not! *See* CR 96.

**C.    The contested clause in Albert Lindig's 1927 Deed specifies only one limitation resulting in a reverter — the property reverts only if the "School house is removed from said land."**

Trent's four-corners argument urging the Court to "harmonize" the language of the deed ignores the only sentence that is relevant to the limitation analysis — the reverter clause — and that clause never mentions "school purposes." *See* CR 96. The only possibility of reverter in the 1927 Deed and the only language at issue here is the following:

> But it is understood that in case the said School House or any other house which may be built and used for a School house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives.

CR 96.

"The language of a deed is the language of the grantor, and if there be a doubt as to its construction, it should be resolved against him." *Curdy v. Stafford*, 88 Tex. 120, 123, 30 S.W. 551, 552 (1895); *see Hedick v. Lone Star Steel Co.*, 277 S.W.2d 925, 928 (Tex. Civ. App.– Texarkana 1955, writ ref'd n.r.e.) (citing 14 TEX.JUR., sec. 138, p. 138; *Humble Oil & Ref. Co. v. Harrison*,

146 Tex. 216, 224, 205 S.W.2d 355 (1947)).

Had Albert Lindig intended for the property to revert if it failed to be used as a school, it was incumbent upon him to say so. He did not!

### D.    Stewart v. *Blain* was wrongly decided, but even if it were not, the language here has a significant difference.

In order to arrive at the decision it did, the *Stewart v. Blain* court had to go beyond the express language of the deed. *See, e.g., Stewart v. Blain*, 159 S.W. 928, 930-31 (Tex. Civ. App. – Galveston 1913, no writ) "Neither of the parties to the deed had in mind any such distinction. . . . It seems to us that these provisions mean . . ."). Rather than relying on the words actually used, the *Stewart* court attempted to divine what the parties meant from what it thought the parties intent to be.  *See id.* To rule as it did, the *Stewart* court had to go one step beyond the language used and infer that the drafter of the deed intended the failure to use the schoolhouse as a school was the same as "the removal of the school house" from the property thereby triggering the reversion of the property. *See id.* at 931.

A strict construction of the deed at issue there would not permit such an inference because there, as here, the language of the deed  must be resolved against the drafter. *Stewart v. Blain* is wrong because the court made its decision based on what the court concluded the drafter meant to say, rather than upon the words actually used.

Even so, Albert's references here to the use of the property for "school purposes" are not part of the reverter clause. *See* CR 96. And there is a clear separation between the references to "school purposes" and the sole clause of limitation, which would result in a reversion to Albert or his heirs. The possibility of reverter clause here, unlike the expressions of purpose in *Stewart v. Blain,* is distinctly separate from Albert's "school purpose" expressions. Here the reversion limitation is a separate sentence introduced by the word "but." *See* CR 96.

In Albert's 1927 Deed "but" is "used to introduce something contrasting with what has already been mentioned." [2] Among many others, "but" is synonymous with "yet, nevertheless, nonetheless, even so, however, still, notwithstanding" all of which connote a contrast with what has preceded it.[3] What has gone before in the 1927 Deed are precatory statements,[4] which have no bearing on the possibility of reverter because they are separate and distinct

---

[2] http://tinyurl.com/p84zxnw

[3] http://tinyurl.com/p84zxnw ; http://dictionary.reference.com/browse/but ("But, however, nevertheless, still, yet are words implying opposition (with a possible concession). But marks an opposition or contrast, though in a casual way: *We are going, but we shall return*.") ( emphasis in original); http://www.thesaurus.com/browse/but.

[4] "precatory" adj. referring to a wish or advisory suggestion which does not have the force of a demand or a request which under the law must be obeyed.

http://legal-dictionary.thefreedictionary.com/precatory

clauses and are nothing more than advisory.

**CONCLUSION and PRAYER**

Ascertaining Albert Lindig's intent from the context and words *actually* used, the Court must assume that his failure to include the "use of the property for school purposes" as a limiting condition in the reverter clause means that only one thing can trigger the reversion and that is what the Deed actually states — the removal of the School house from the property.

Accordingly, Appellee Pleasant Hill-Rocky Community Club respectfully asks that this Court find as a matter of law that the possibility of reverter has not occurred and that the Court affirm the judgment of the trial court.

Respectfully submitted,

/S/ *Jeff Small*

Norman L. Nevins
State Bar No. 14936000
THE NEVINS LAW FIRM
206 West Main St.
Fredericksburg, TX 78624
830.990.0557/F: 830.990.0559
nnevinslaw@yahoo.com

Jeff Small
State Bar No. 00793027
LAW OFFICE OF JEFF SMALL
12451 Starcrest Dr, Suite 100
San Antonio, TX 78216.2988
210.496.0611/f: 210.579.1399
jdslaw@satx.rr.com

Counsel for Appellee Pleasant Hill Rocky Community Club

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, by signature below I certify that the foregoing computer-generated brief contains 2069 words.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2015, a true and correct copy of Appellee's was served on counsel of record/interested parties in accordance with the Texas Rules of Civil Procedure.

| | |
|---|---|
| Samuel V. Houston, III | Zachary P. Hudler |
| State Bar No. 24041135 | State Bar No. 24032318 |
| HOUSTON DUNN, PLLC | ZACHARY P. HUDLER, P.C. |
| 4040 Broadway, Suite 440 | 100 E. Pecan Street, Suite One |
| San Antonio, Texas 78209 | Johnson City, Texas 78636 |
| 210.775.0882/f: 210.826.0075 | 830.868.7651/f: 830.868.7636 |
| sam@hdappeals.com | zachary@hudlerlaw.com |

Counsel for Appellant  Trent Lindig

/S/ *Jeff Small*

Jeff Small
Norman L. Nevins