

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00096-CV

Gilberto **URRABAZO**,
Appellant

v.

Adrian **GALLEGOS**,
Appellee

From the 293rd Judicial District Court, Zavala County, Texas
Trial Court No. 10-08-12312-ZCV
Honorable Maribel Flores, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: June 12, 2024

REVERSED AND REMANDED

Appellant Gilberto Urrabazo challenges the trial court's order granting summary judgment in favor of appellee Adrian Gallegos. On appeal, Urrabazo contends the trial court erred because: 1) a genuine issue of material fact exists regarding whether the parties orally modified the terms of a contract; 2) it failed to join his wife as a party to the suit pursuant to Texas Rule of Civil Procedure 39; and 3) it improperly awarded Gallegos attorney's fees under the Uniform Declaratory Judgments Act. We reverse the trial court's order and remand the cause to the trial court for further proceedings.

BACKGROUND

This appeal arises from a dispute over the sale of real property in Zavala County. In March 2010, Urrabazo owned property adjacent to a nightclub owned by Gallegos. Interested in expanding the parking lot of his nightclub, Gallegos entered into an agreement with Urrabazo to buy the adjoining property. The parties executed a "Contract for Title and Deed," which provided Gallegos would pay Urrabazo $12,000, consisting of a "$2,000 down payment at the time of signing the same Contract of Deed" and a "lump sum payment in the amount of Ten Thousand Dollars ($10,000) on or before May 1, 2010." The contract further provided Urrabazo would deliver a deed conveying the property to Gallegos once he fully performed on the contract.

When the parties signed the contract, Gallegos paid Urrabazo the $2,000 down payment. Then, on April 27, 2010, Gallegos submitted a check made payable to the Zavala County Appraisal District for $5,351.91 to pay the property taxes on the subject property; he also deposited a check in Urrabazo's checking account for $4,648.09. The two checks totaled $10,000. Shortly thereafter, a dispute arose over whether the contractual terms had been fulfilled, and by August 2010, Urrabazo erected a fence around the property, preventing Gallegos from using it as a parking lot. Gallegos sued Urrabazo, alleging claims for trespass to try title, declaratory relief, fraud, and estoppel. In his petition, he claimed he was the equitable title holder of the property, and he sought a declaration he was the lawful owner of the property entitled to specific performance of the contract. Gallegos then moved for summary judgment on his claim for declaratory relief, which the trial court granted, declaring him the lawful owner of the property. A final judgment awarding Gallegos attorney's fees was subsequently entered, and Urrabazo appealed.

**GALLEGOS'S MOTION FOR SUMMARY JUDGMENT**

***Standard of Review***

We review a trial court's grant of summary judgment de novo. *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017). When, as here, a plaintiff moves for traditional summary judgment, he has the burden of conclusively establishing no genuine issue of material fact exists, and he is entitled to judgment as a matter of law on his claim. TEX. R. CIV. P. 166a(c); *see, e.g.*, *Steak N Shake Operations*, 512 S.W.3d at 279. Once the plaintiff movant establishes his right to summary judgment as a matter of law, the burden shifts to the defendant nonmovant to raise a genuine issue of material fact on the plaintiff's claim. *Zavala v. Franco*, 622 S.W.3d 612, 618 (Tex. App.—El Paso 2021, pet. denied). When reviewing summary judgment evidence, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

***Applicable Law***

Under the Uniform Declaratory Judgments Act, "[a] person interested under a deed, will, written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a). However, "the Act cannot be invoked when it would interfere with some other exclusive remedy." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). Relevant here, a trespass to try title claim "is the exclusive remedy for resolving overarching claims to legal title." *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021); *see* TEX. PROP. CODE § 22.001(a); *Lile v. Smith*, 291 S.W.3d 75, 77 (Tex. App.—Texarkana 2009, no pet.) (explaining trespass to try title is exclusive remedy to resolving competing claims for property). It "'embraces all character of

- 3 -

litigation that affects the title to real estate,'" including when an equitable title owner is seeking to establish superior title to another person's legal title. *Brumley*, 616 S.W.3d at 832 (quoting *Stanolind Oil & Gas Co. v. State*, 133 S.W.2d 767, 770 (1939)); *see Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied) ("An owner of a superior equitable title may recover in a trespass to try title action if the record shows the equitable title is superior to the defendant's bare legal title.").

"It is well-settled that a purchaser under a contract of sale for real property acquires an equitable interest in the property." *Cadle Co. v. Harvey*, 46 S.W.3d 282, 287 (Tex. App.—Fort Worth 2001, pet. denied) (citing cases). "Upon execution of the contract[], the purchaser acquires an equitable right to make payments on the property and to receive a deed and legal title when he complete[s] the payments." *Ferrara v. Nutt*, 555 S.W.3d 227, 240 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (second alteration in original) (quoting *Gaona v. Gonzales*, 997 S.W.2d 784, 786–87 (Tex. App.—Austin 1999, no pet.)). Once the purchaser has "paid the purchase price and fully performed the obligations under the contract," the purchaser obtains equitable title in the property, and thus, the right, enforceable in equity, to have legal title in the property. *Id.*; *see High Rd. on Dawson v. Benevolent & Protective Ord. of Elks of U.S., Inc.*, 608 S.W.3d 869, 879, 884 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("It is well settled that equitable title is obtained through performance of a contract that requires transfer of the property. Performance by the vendee in a contract to convey real property vests the equitable title in him."); *see also Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.) ("[E]quitable title is defined as the present right to compel legal title").

### *Application*

Here, Gallegos moved for summary judgment only on his declaratory judgment claim requesting a declaration he was the lawful owner of the property. To support his request for a

declaration of ownership, he attached the following summary judgment evidence: (1) a copy of the "Contract for Title and Deed," (2) copies of the checks he made payable to the Zavala County Appraisal District and Urrabazo totaling $10,000, (3) an excerpt from Urrabazo's deposition testimony in which Urrabazo acknowledged receipt of the checks, and (4) his own affidavit attesting he fully performed the terms under the contract between him and Urrabazo, one of which was to pay the property taxes owed on the property directly to the tax assessor. According to Gallegos, the parties had orally modified the contractual terms by agreeing he would pay the property taxes owed on the property instead of submitting a lump sum payment of $10,000 to Urrabazo.

In response, Urrabazo argued Gallegos did not fully perform the terms under the contract because the parties did not orally modify the terms of the payment method. For support, he attached an affidavit attesting he never agreed to orally modify the terms of the existing contract, and he never agreed for Gallegos to pay the taxes on the property directly to the tax assessor or for Gallegos to deposit any checks into his personal bank account. He attested the contract required a $2,000 down payment followed by a $10,000 lump sum payment; he further attested they agreed he, not Gallegos, would pay the taxes. As additional support, Urrabazo attached a copy of Gallegos's deposition testimony during which Gallegos testified he never obtained permission from Urrabazo to deposit a check into Urrabazo's bank account. Urrabazo also attached a copy of his deposition testimony during which he testified the contractual terms required Gallegos to pay him a $10,000 lump sum payment.

As the summary judgment movant, Gallegos bore the burden of conclusively establishing his entitlement to judgment as a matter of law on his declaratory judgment action. *See* TEX. R. CIV. P. 166a(c); *Steak N Shake Operations*, 512 S.W.3d at 279. Here, Gallegos attempted to meet his burden and prove his ownership in the property as a matter of law by showing he held equitable

title based on the contract and payments he made. When reviewing this evidence by taking as true all evidence favorable to Urrabazo and indulging every reasonable inference as well as resolving any doubts in Urrabazo's favor, the crux of Gallegos's suit is one for the recovery of property based upon equitable title. *See Lightning Oil Co.*, 520 S.W.3d at 45; *Brumley*, 616 S.W.3d at 832. As a result, his suit is an action for trespass to try title and not for declaratory judgment. *See Brumley*, 616 S.W.3d at 832; *Longoria*, 292 S.W.3d at 165. Therefore, Gallegos was not entitled to summary judgment as a matter of law on his declaratory judgment claim, and the trial court erred in granting summary judgment in his favor. *See Fair v. Arp Club Lake, Inc.*, 437 S.W.3d 619, 623–24 (Tex. App.—Tyler 2014, no pet.) (affirming the trial court's order granting defendant's summary judgment on ground plaintiff could not pursue declaratory judgment action because trespass to try title was sole means for determining rights of parties with respect to ownership of land).

Additionally, even if the declaratory judgment action were proper, the summary judgment evidence raises a fact issue as to whether Gallegos fully performed the terms under the contract. Here, the "Contract for Title and Deed" establishes Gallegos acquired an equitable interest in the subject property, and specifically, the equitable right to make payments on the property and to receive a deed and legal title when he completed the payments. *See Cadle Co.*, 46 S.W.3d at 287; *Ferrara*, 555 S.W.3d at 240. Whether Gallegos obtained equitable title, and thus the enforceable right to have legal title in the property, depended on whether he paid the purchase price and fully performed his obligations under the contract. *See Cadle Co.*, 46 S.W.3d at 287; *Ferrara*, 555 S.W.3d at 240; *High Rd. on Dawson*, 608 S.W.3d at 879, 884. However, the parties dispute whether Gallegos completed the payments and fully performed the contractual terms. The parties filed competing summary judgment evidence contesting whether they orally modified the terms under the contract by agreeing Gallegos would pay the property taxes instead of making a lump

sum payment to Urrabazo. Accordingly, after reviewing this evidence in the light most favorable to Urrabazo, we conclude a genuine issue of material fact exists, and therefore, the trial court erred in granting summary judgment in favor of Gallegos.

### JOINDER AND ATTORNEY'S FEES

Having determined the trial court erred in granting Gallegos's motion for summary judgment, we need not determine whether the trial court erred in failing to join Urrabazo's wife as a party to the suit. *See* TEX. R. APP. P. 47.1; *Lance v. Robinson*, 543 S.W.3d 723, 740 (Tex. 2018) ("Rule 47.1 requires only that the court of appeals address issues necessary to dispose of the appeal."); *see Am. Home Products Corp. v. Bernal*, 5 S.W.3d 344, 348 (Tex. App.—Corpus Christi-Edinburg 1999, no pet.) (concluding it need not reach propriety of joinder under rules of civil procedure in light of disposition reversing trial court's order).

Turning to Urrabazo's contention concerning attorney's fees, the trial court awarded Gallegos attorney's fees pursuant to section 37.009 of the Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE § 37.009. This section permits the trial court to award reasonable and necessary attorney's fees that are equitable and just in a suit for declaratory judgment. *Id.* However, "[w]hen a declaratory judgment is reversed on appeal[,] an award of attorney's fees may no longer be equitable and just." *Trinity Drywall v. Toka Gen. Contrs.*, 416 S.W.3d 201, 215 (Tex. App.—El Paso 2013, pet. denied). Thus, because we conclude Gallegos failed to establish he was entitled to summary judgment as a matter of law and a genuine issue of material fact exists as to his declaratory judgment claim, we reverse the trial court's award of attorney's fees and remand the issue back to the trial court for reconsideration. *See id.* at 217; *see also Waldrop v. Waldrop*, 552 S.W.3d 396, 412 (Tex. App.—Fort Worth 2018, no pet.) (reversing award of attorney's fees and remanding cause to trial court after reversing portion of trial court's order on declaratory judgment action); *Anderton v. City of Cedar Hall*, 447 S.W.3d 84, 98 (Tex.

App.—Dallas 2014, pet. denied) (reversing attorney's fees award and remanding for reconsideration after reversing trial court's summary judgment order granting declaratory judgment).

## CONCLUSION

Based on the foregoing, we reverse the trial court's final judgment granting Gallegos's motion for summary judgment and awarding him attorney's fees, and we remand the cause to the trial court for further proceedings.

Luz Elena D. Chapa, Justice